Skip to Main Content  Logout My Account Search Menu New Civil Search Refine Search  Back          Location : All Odyssey Courts-Case Search   Help

# CHRONOLOGICAL CASE SUMMARY
## CASE NO. 49D02-1204-CT-017300

| | |
|---|---|
| Katherine F Jessee vs. City Of Indianapolis, et. al. | §<br>§<br>§<br>§<br>§<br>§ |

Case Type: **CT - Civil Tort**
Date Filed: **04/26/2012**
Location: **Marion Superior Court, Civil Division 2**

---

### PARTY INFORMATION

|  |  | Attorneys |
|---|---|---|
| **Defendant** | anonymous medical professional | **Mary Margaret Ruth Feldhake**<br>*Retained*<br>BOSE MCKINNEY & EVANS LLP<br>111 Monument Circle<br>Suite 2700<br>Indianapolis,, IN 46204<br><br>317-684-5132(W) |
| **Defendant** | anonymous medical professional | |
| **Defendant** | bennett, clinton | |
| **Defendant** | buchanan, justin | |
| **Defendant** | Calvert, Calvert Sr | **Kevin P Farrell**<br>*Retained*<br>951 North Delaware Street<br>Indianapolis, IN 46202-3377<br><br>317-488-5500(W) |
| **Defendant** | calvert, michael | |
| **Defendant** | calvert, michael | |
| **Defendant** | City Of Indianapolis | **Robert Eric Sanders**<br>*Retained*<br>Attn: Office of Corporation Counsel<br>200 E Washington ST<br>RM 1601<br>Indianapolis, IN 46204<br><br>317-327-4055(W)<br><br>**Alexander Phillip Will**<br>*Retained*<br>200 E Washington St.<br>STE 1601<br>Indianapolis, IN 46204<br><br>317-327-4055(W)<br><br>**Justin Fredrick Roebel**<br>*Retained*<br>302 W Washington Street<br>IGC-South, Fifth Floor<br>Indianapolis, IN 46204-0000 |
| **Defendant** | clark, devon | |
| **Defendant** | coffing, matthew | |
| **Defendant** | correct care solutions | **Mary Margaret Ruth Feldhake**<br>*Retained* |

BOSE MCKINNEY & EVANS LLP
111 Monument Circle
Suite 2700
Indianapolis,, IN 46204

317-684-5132(W)

| Defendant | correct care solutions | |
|---|---|---|
| Defendant | davis, t | **Mary Margaret Ruth Feldhake** |

*Retained*
BOSE MCKINNEY & EVANS LLP
111 Monument Circle
Suite 2700
Indianapolis,, IN 46204

317-684-5132(W)

| Defendant | davis, t |
|---|---|
| Defendant | dixon, tonia |
| Defendant | FORD, MARK |
| Defendant | frederick, robert |
| Defendant | gephart, erich |
| Defendant | gephart, erich |
| Defendant | glasson, michael |
| Defendant | godby, casey |
| Defendant | han, david |
| Defendant | henderson, d |
| Defendant | henderson, d |

**Mary Margaret Ruth Feldhake**
*Retained*
BOSE MCKINNEY & EVANS LLP
111 Monument Circle
Suite 2700
Indianapolis,, IN 46204

317-684-5132(W)

| Defendant | hiner, melissa |
|---|---|
| Defendant | hogue, brian |
| Defendant | layton, john |
| Defendant | legrand, james |
| Defendant | lepsky, douglas |
| Defendant | mcdonald, brent |
| Defendant | mennonno, mark |

| | |
|---|---|
| Defendant | morlan, danielo |
| Defendant | navarro, jose |
| Defendant | norris, daniel |
| Defendant | oquendo, eduardo |

**Mary Margaret Ruth Feldhake**
*Retained*
BOSE MCKINNEY & EVANS LLP
111 Monument Circle
Suite 2700
Indianapolis,, IN 46204

317-684-5132(W)

| | |
|---|---|
| Defendant | oquendo, eduardo |
| Defendant | perry, k |
| Defendant | perry, k |
| Defendant | perry, k |
| Defendant | pruitt, james |
| Defendant | purcell, nurse |

**Mary Margaret Ruth Feldhake**
*Retained*
BOSE MCKINNEY & EVANS LLP
111 Monument Circle
Suite 2700
Indianapolis,, IN 46204

317-684-5132(W)

| | |
|---|---|
| Defendant | purcell, nurse |
| Defendant | robison, kristina |

**Mary Margaret Ruth Feldhake**
*Retained*
BOSE MCKINNEY & EVANS LLP
111 Monument Circle
Suite 2700
Indianapolis,, IN 46204

317-684-5132(W)

| | |
|---|---|
| Defendant | robison, kristina |
| Defendant | russell, kim |

**Mary Margaret Ruth Feldhake**
*Retained*
BOSE MCKINNEY & EVANS LLP
111 Monument Circle
Suite 2700
Indianapolis,, IN 46204

317-684-5132(W)

| | |
|---|---|
| Defendant | russell, kim |
| Defendant | scaggs, zina |
| Defendant | schmidt, william |

| Defendant | tate, charles |
| Defendant | terry, jeffrey |
| Defendant | The Indianapolis Metropolitan Police Department |
| Defendant | The Marion County Sheriffs Office |
| Defendant | tingle, gary |
| Defendant | turner, april denise |
| Defendant | turner, april denise |
| Defendant | watkins, joshua |
| Defendant | watkins, joshua |
| Defendant | weaver, william |
| Defendant | williams, darrell |
| Defendant | wright, nicholas |

| Plaintiff | Jessee, Katherine F | Stephen Thompson<br>*Retained*<br>851 South Rangeline Road<br>Carmel, IN 46032<br><br>317-846-1080(W)<br><br>Kirk Kitzinger<br>*Retained*<br>9465 Counselors Row<br>STE 200<br>Indianapolis, IN 46240<br><br>317-805-4820(W)<br><br>Vaughn A Wamsley<br>*Retained*<br>851 South Rangeline Road<br>Carmel, IN 46032<br><br>317-846-1080(W) |

### EVENTS & ORDERS OF THE COURT

| 04/26/2012 | **Converted Event**<br>*CASE FILED.* |
| 04/26/2012 | **Converted Event**<br>*ATTORNEY STEPHEN W THOMPSON AND VAUGHN A WAMSLEY FILES APPEARANCE FOR PLAINTIFF.* |
| 04/27/2012 | **Converted Event**<br>*ATTORNEY KEVIN P FARRELL FILES APPEARANCE FOR MICHAEL CALVERT SR..* |
| 05/01/2012 | **Converted Event**<br>*ANSWER FILED. BY DEFENDANT FOR COMPLAINT FOR DAMAGES* |
| 05/03/2012 | **Converted Event**<br>*SUMMONS SERVED BY CERTIFIED MAIL SERVICE ON 05/03/12 AT 09:53 AM.* |
| 05/03/2012 | **Converted Event**<br>*SUMMONS SERVED BY CERTIFIED MAIL SERVICE ON 05/03/12 AT 10:50 AM.* |
| 05/03/2012 | **Converted Event**<br>*SUMMONS SERVED BY CERTIFIED MAIL SERVICE ON 05/03/12 AT 11:05 AM.* |
| 05/03/2012 | **Converted Event**<br>*SUMMONS SERVED BY CERTIFIED MAIL SERVICE ON 05/03/12 AT 10:55 AM.* |
| 05/03/2012 | **Converted Event**<br>*SUMMONS SERVED BY CERTIFIED MAIL SERVICE ON 05/03/12 AT 02:23 PM.* |
| 05/03/2012 | **Converted Event**<br>*SUMMONS SERVED BY CERTIFIED MAIL SERVICE ON 05/03/12 AT 10:57 AM.* |
| 05/21/2012 | **Converted Event** |

| | |
|---|---|
| | *ATTORNEY ALEXANDER WILL FILES APPEARANCE FOR THE CITY OF INDIANAPOLIS.* |
| 05/21/2012 | **Converted Event** |
| | *MOTION FOR ENLARGEMENT OF TIME FILED BY DEFENDNANTS* |
| 06/25/2012 | **Converted Event** |
| | *ANSWER FILED. BY DEFENDANT TO PLAINTIFFS COMPLAINT AND AFFIRMATIVE DEFENSES* |
| 07/02/2012 | **Converted Event** |
| | *ATTORNEY KIRK KITZINGER FILES APPEARANCE FOR PLAINTIFF.* |
| 07/05/2012 | **Converted Event** |
| | *ATTORNEY JILLIAN SPOTS FILES APPEARANCE FOR IMPD.* |
| 07/06/2012 | **Converted Event** |
| | *ATTORNEY JILLIAN L SPOTTS FILES APPEARANCE FOR CITY OF INDIANAPOLIS MARIION COUNTY BOARD OF COMMISSIONERS THE. INDIANAPOLIS METROPOLITAN POLICE DEPARTMENT AND THE MARION COUNTY SHERIFFS OFFICE* |
| 08/01/2012 | **Converted Event** |
| | *STIPULATION OF DISMISSAL FILED. BY PLAINTIFF, KATHERINE JESSEE AND DEFENDANTS AS TO MARION COUNTY BOARD OF COMMISSIONERS AND INDIANAPOLIS METORPOLITAN POLICE DEPARTMENT* |
| 08/06/2012 | **Converted Event** |
| | *COURT GRANTS DISMISSAL WITHOUT PREJUDICE AS TO MARION COUNTY BOARD OF COMMISSIONERS AND INDIANAPOLIS METROPOLITAN PO LICE DEPARTMENT* |
| 11/27/2012 | **Converted Event** |
| | *MOTION FILED. BY DEFEDNANTS TO APPROVE STIPULATED PROTECTIVE ORDER* |
| 11/28/2012 | **Converted Event** |
| | *COURT APPROVES ORDER UPON STIPULATION FOR PROTECTIVE ORDER FOR CONFIDENTIAL INFORMATION* |
| 06/17/2013 | **Motion to Withdraw Appearance Filed** |
| | Filed By:    Spotts, Jillian Leigh |
| | File Stamp:  06/14/2013 |
| 06/19/2013 | **Order Granting Motion to Withdraw Appearance** (Judicial Officer: Sosin, Theodore M ) |
| | Order Signed:  06/17/2013 |
| 08/28/2013 | **Appearance Filed** |
| | For Party:   City Of Indianapolis |
| | Attorney:    Sanders, Robert` Eric |
| | File Stamp:  08/27/2013 |
| 12/11/2013 | **Motion Filed** |
| | *to amend conlaint* |
| | Filed By:    Jessee, Katherine F |
| | Filed By:    Thompson, Stephen |
| | File Stamp:  12/11/2013 |
| 12/13/2013 | **Order Granting** (Judicial Officer: Sosin, Theodore M ) |
| | *plaintiffs motion to amend complaint* |
| | Order Signed:  12/12/2013 |
| 12/13/2013 | **Amended Pleading Filed** |
| | Filed By:    Jessee, Katherine F |
| | Filed By:    Thompson, Stephen |
| | File Stamp:  12/12/2013 |
| 01/02/2014 | **Motion for Enlargement of Time Filed** |
| | Filed By:    anonymous medical professional |
| | Filed By:    correct care solutions |
| | Filed By:    davis, t |
| | Filed By:    Feldhake, Mary Margaret Ruth |
| | Filed By:    henderson, d |
| | Filed By:    oquendo, eduardo |
| | Filed By:    purcell, nurse |
| | Filed By:    robison, kristina |
| | Filed By:    russell, kim |
| | File Stamp:  01/02/2014 |
| 01/08/2014 | **Motion for Enlargement of Time Filed** |
| | *to answer amended complaint* |
| | Filed By:    City Of Indianapolis |
| | File Stamp:  01/08/2014 |
| 01/09/2014 | **Order Granting Motion for Enlargement of Time** (Judicial Officer: Sosin, Theodore M ) |
| | *up to and including 1-31-14* |
| | Order Signed:  01/08/2014 |
| 01/10/2014 | **Order Granting Motion for Enlargement of Time** (Judicial Officer: Sosin, Theodore M ) |
| | *up to and including 2-7-14* |
| | Order Signed:  01/09/2014 |

**Please note that any Balance Due does not reflect interest that has accrued since the last payment.**

STATE OF INDIANA       )
                       ) SS:
COUNTY OF MARION    )

IN THE MARION SUPERIOR COURT

CAUSE NO. 49D02-1204-CT-017300

KATHERINE F. JESSEE, as the                  )
Personal Representative of the ESTATE OF    )
MICHAEL CALVERT, JR., Deceased,        )
                                    )
     Plaintiff,                           )
                                    )
v.                                         )
                                    )
THE CITY OF INDIANAPOLIS;                )
THE MARION COUNTY SHERIFF'S OFFICE;    )
PAUL CIESIELSKI, individually and in his official    )
Capacity as the Chief of the Indianapolis        )
Metropolitan Police Department;            )
IMPD SGT. MARK FORD, in his individual capacity;    )
IMPD OFFICER JEFFREY TERRY, in his individual capacity;    )
IMDP OFFICER MATTHEW COFFING, in his individual capacity;    )
IMPD OFFICER BRENT MCDONALD, in his individual capacity;    )
IMPD OFFICER JOSE NAVARRO, in his individual capacity;    )
IMPD OFFICER DOUGLAS LEPSKY, in his individual capacity; )
IMPD OFFICER BENJAMIN OWENS, in his individual capacity; )
MARION COUNT Y SHERIFF JOHN R. LAYTON, individually )
and in his official capacity as Sheriff of Marion County;    )
MCSO LT. COL. GARY TINGLE, individually and in his official )
capacity as Commander of MCSO Jail Division;       )
MCSO MAJ. MELISSA HINER, individually and in her official    )
capacity as Commander of MCSO-Arrestee Processing Center;    )
MCSO LT. ROBERT FREDERICK, individually and in his official )
capacity as Commander of MCSO-Arrestee Processing Center;    )
MCSO LT. ZINA SCAGGS, individually and in her official    )
capacity as Commander of MCSO-Arrestee Processing Center;    )
MCSO SGT. JAMES MARTIN, in his individual capacity;    )
MCSO SGT. DAID HAN, in his individual capacity;      )
MCSO DEP. CASEY GODBY, in his individual capacity;    )
MCSO DEP. JAMES LEGRAND, in his individual capacity;    )
MCSO DEP. DANIEL NORRIS, in his individual capacity;    )
MCSO DEP. CLINTON BENNETT, in his individual capacity;    )
MCSO DEP. JUSTIN BUCHANAN, in his individual capacity;    )
MCSO DEP. BRIAN HOGUE, in his individual capacity;    )
MCSO DEP. WILLIAM SCHMIDT, in his individual capacity;    )
MCSO DEP. JAMES PRUITT, in his individual capacity;    )
MCSO LT. WILLIAM WEAVER, in his individual capacity;    )

FILED

(269)   JAN 0 9 2014

Elizabeth f. white

CLERK OF THE MARION CIRCUIT COURT

MCSO DEP. TONIA DIXON, in her individual capacity;          )
MCSO DEP. DANIEL MORLAN, in his individual capacity;        )
MCSO DEP. MARK MENNONNO, in his individual capacity;        )
MCSO SGT. DARRELL WILLIAMS, JR., in his individual capacity; )
MCSO DEP. DEVON CLARK, in his individual capacity;          )
MCSO DEP. MICHAEL GLASSON, in his individual capacity;      )
MCSO DEP. NICHOLAS WRIGHT, in his individual capacity;      )
MCSO CPL. CHARLES TATE, in his individual capacity;         )
MCSO DEP. JOSHUA WATKINS, in his individual capacity;       )
MCSO DEP. ERICH GEPHART, in his individual capacity;        )
CORRECT CARE SOLUTIONS, LLC;                                )
ANONYMOUS MEDICAL PROFESSIONAL;                             )
APRIL DENISE TURNER;                                        )
KRISTINA ROBISON;                                           ) .
EDUARDO OQUENDO;                                            )
NURSE KIM RUSSELL;                                          )
NURSE D. HENDERSON;                                         )
NURSE K. PERRY;                                             )
NURST T. DAVIS;                                             )
NURSE PURCSELL; and                                         )
MICHAEL CALVERT, SR., as the natural father of the decedent. )
                                                            )
          Defendants.                                       )


## ORDER GRANTING MOTION FOR ENLARGEMENT
## OF TIME TO ANSWER FIRST AMENDED COMPLAINT

City/County Defendants (as that term is defined in the motion) filed its Motion for

Enlargement of Time to Answer Amended Complaint, and the Court having read said motion

and being duly advised now GRANTS said motion.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that the

City/County Defendants are granted an enlargement of time to and including February 7, 2014,

to answer Plaintiff's First Amended Complaint.


Date:  _JAN 0 9 2014_              _Theodore M Sosin_
                                   JUDGE, Marion Superior Court

Distribution to:

R. Eric Sanders
Office of Corporation Counsel
200 East Washington Street, Room 1601
Indianapolis, Indiana   46204

Vaughn A. Wamsley
Stephen W. Thompson
Kirk R. Kitzinger
851 South Rangeline Road
Carmel, IN  46032

IN THE MARION SUPERIOR COURT ROOM NO. 2
STATE OF INDIANA

KATHERINE F. JESSE, as the Personal )   CAUSE NO. 49D02-01204-CT-017300
Representative of the Estate of )
MICHAEL CALVERT, JR., Deceased, )
                                      )

       Plaintiff, )

v. )

THE CITY OF INDIANAPOLIS, et al. )

       Defendants. )

**FILED**

(269)   JAN 08 2014

*Elizabeth F White*
CLERK OF THE MARION CIRCUIT COURT

### ORDER

Defendants, Correct Care Solutions, LLC, Anonymous Medical Professional, April Denise

Turner, Kristina Robison, Eduardo Oquendo, Nurse Kim Russell, Nurse D. Henderson, Nurse K.

Perry, Nurse T. Davis, and Nurse Purcell, having by counsel filed a Motion for Enlargement of

Time, and the Court being duly advised in the premises,

IT IS HEREBY ORDERED that said defendants shall have to and including January 31,

2014, in which to move or plead to plaintiffs' First Amended Complaint for Damages.

JAN 08 2014

Dated this _____ day of _____, 2014.

_____
Judge, Marion Superior Court 2

Copies to:

Mary M. Ruth Feldhake
BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204

Vaughn A. Wamsley                    Kirk R. Kitzinger
Stephen W. Thompson                  9465 Counselors Row, Suite 200
Vaughn A. Wamsley, P.C.              Indianapolis, IN 46240
851 South Rangeline Road
Carmel, IN 46032

Eric Sanders/Andrew P. Seiwart       Kevin Farrell
Office of Corporation Counsel        CLINE FARRELL CHRISTIE & LEE, P.C.
200 E. Washington Street, Room 1601  951 N. Delaware Street
Indianapolis, IN 46204               Indianapolis, IN 46202

2492824_1.

STATE OF INDIANA      )           IN THE MARION SUPERIOR COURT
                            ) SS:
COUNTY OF MARION    )           CAUSE NO. 49D02-1204-CT-017300

KATHERINE F. JESSEE, as the                            )
Personal Representative of the ESTATE OF          )
MICHAEL CALVERT, JR., Deceased,                )

      Plaintiff,                                      )

v.                                              )

THE CITY OF INDIANAPOLIS;                        )
THE MARION COUNTY SHERIFF'S OFFICE;         )
PAUL CIESIELSKI, individually and in his official    )
Capacity as the Chief of the Indianapolis            )
Metropolitan Police Department;                 )
IMPD SGT. MARK FORD, in his individual capacity;   )
IMPD OFFICER JEFFREY TERRY, in his individual capacity; )
IMDP OFFICER MATTHEW COFFING, in his individual capacity; )
IMPD OFFICER BRENT MCDONALD, in his individual capacity; )
IMPD OFFICER JOSE NAVARRO, in his individual capacity;  )
IMPD OFFICER DOUGLAS LEPSKY, in his individual capacity; )
IMPD OFFICER BENJAMIN OWENS, in his individual capacity; )
MARION COUNTY SHERIFF JOHN R. LAYTON, individually )
and in his official capacity as Sheriff of Marion County;    )
MCSO LT. COL. GARY TINGLE, individually and in his official )
capacity as Commander of MCSO Jail Division;        )
MCSO MAJ. MELISSA HINER, individually and in her official )
capacity as Commander of MCSO-Arrestee Processing Center; )
MCSO LT. ROBERT FREDERICK, individually and in his official )
capacity as Commander of MCSO-Arrestee Processing Center; )
MCSO LT. ZINA SCAGGS, individually and in her official  )
capacity as Commander of MCSO-Arrestee Processing Center; )
MCSO SGT. JAMES MARTIN, in his individual capacity;   )
MCSO SGT. DAID HAN, in his individual capacity;     )
MCSO DEP. CASEY GODBY, in his individual capacity;    )
MCSO DEP. JAMES LEGRAND, in his individual capacity;   )
MCSO DEP. DANIEL NORRIS, in his individual capacity;   )
MCSO DEP. CLINTON BENNETT, in his individual capacity;  )
MCSO DEP. JUSTIN BUCHANAN, in his individual capacity;  )
MCSO DEP. BRIAN HOGUE, in his individual capacity;    )
MCSO DEP. WILLIAM SCHMIDT, in his individual capacity;  )
MCSO DEP. JAMES PRUITT, in his individual capacity;    )
MCSO LT. WILLIAM WEAVER, in his individual capacity;   )

FILED

(SC)   JAN 0 8 2014

CLERK OF THE _____ COURT

1

MCSO DEP. TONIA DIXON, in her individual capacity;                    )
MCSO DEP. DANIEL MORLAN, in his individual capacity;                  )
MCSO DEP. MARK MENNONNO, in his individual capacity;                  )
MCSO SGT. DARRELL WILLIAMS, JR., in his individual capacity;          )
MCSO DEP. DEVON CLARK, in his individual capacity;                    )
MCSO DEP. MICHAEL GLASSON, in his individual capacity;               )
MCSO DEP. NICHOLAS WRIGHT, in his individual capacity;               )
MCSO CPL. CHARLES TATE, in his individual capacity;                  )
MCSO DEP. JOSHUA WATKINS, in his individual capacity;               )
MCSO DEP. ERICH GEPHART, in his individual capacity;                )
CORRECT CARE SOLUTIONS, LLC;                                         )
ANONYMOUS MEDICAL PROFESSIONAL;                                     )
APRIL DENISE TURNER;                                                )
KRISTINA ROBISON;                                                   )
EDUARDO OQUENDO;                                                    )
NURSE KIM RUSSELL;                                                  )
NURSE D. HENDERSON;                                                 )
NURSE K. PERRY;                                                     )
NURST T. DAVIS;                                                     )
NURSE PURCSELL; and                                                 )
MICHAEL CALVERT, SR., as the natural father of the decedent.  )
                                                                    )
                Defendants.                                          )


# Motion for Enlargement of Time to Answer Amended Complaint

The City of Indianapolis, The Marion County Sheriff's Office; Paul Ciesielski,

individually and in his official capacity as the Chief of the Indianapolis Metropolitan Police

Department; IMPD Sgt. Mark Ford, in his individual capacity; IMPD Officer Jeffrey Terry, in

his individual capacity; IMDP Officer Matthew Coffing, in his individual capacity; IMPD

Officer Brent McDonald, in his individual capacity; IMPD OFFICER Jose Navarro, in his

individual capacity; IMPD Officer Douglas Lepsky, in his individual capacity; IMPD Officer

Benjamin Owens, in his individual capacity; Marion County Sheriff John R. Layton, individually

and in his official capacity as Sheriff of Marion County; MCSO Lt. Col. Gary Tingle,

individually and in his official capacity as Commander of MCSO Jail Division; MCSO Maj.

Melissa Hiner, individually and in her official capacity as Commander of MCSO-Arrestee Processing Center; MCSO Lt. Robert Frederick, individually and in his official capacity as Commander of MCSO-Arrestee Processing Center; MCSO Lt. Zina Scaggs, individually and in her official capacity as Commander of MCSO-Arrestee Processing Center; MCSO Sgt. James Martin, in his individual capacity; MCSO Sgt. David Han, in his individual capacity; MCSO Dep. Casey Godby, in his individual capacity; MCSO Dep. James Legrand in his individual capacity; MCSO Dep. Daniel Norris, in his individual capacity; MCSO Dep. Clinton Bennett, in his individual capacity; MCSO Dep. Justin Buchanan, in his individual capacity; MCSO Dep. Brian Hogue, in his individual capacity; MCSO Dep. William Schmidt, in his individual capacity; MCSO Det. James Pruitt, in his individual capacity; MCSO Lt. William Weaver, in his individual capacity; MCSO Dep. Tonia Dixon, in her individual capacity; MCSO DEP. Daniel Morlan, in his individual capacity; MCSO Dep. Mark Mennonno, in his individual capacity; MCSO Sgt. Darrell Williams, Jr., in his individual capacity; MCSO Dep. Devon Clark, in his individual capacity; MCSO Dep. Michael Glasson, in his individual capacity; MCSO Dep. Nicholas Wright, in his individual capacity; MCSO Cpl. Charles Tate, in his individual capacity; MCSO Dep. Joshua Watkins, in his individual capacity; and MCSO Dep. Erich Gephart, in his individual capacity (hereinafter collectively referred to as "City/County Defendants"), by counsel, for their Motion for Extension of Time to Answer Plaintiff's Complaint, states as follows:

1.      An Answer was due to Plaintiff's First Amended Complaint on or about January 8, 2014.

3

2.      As a result of the recent inclement weather conditions and related closing of the undersigned's office, along with the voluminous number of additional City/County Defendants added by Plaintiff, additional time is needed to respond to the Amended Complaint.

3.      Plaintiff's counsel was contacted on January 8, 2014 regarding the requested enlargement of time, however, as of the time of filing this motion, no response has been received.

4.      This motion is not made for vexation or delay but to allow counsel for the City/County Defendants time to investigate this matter in order to answer the Complaint.

WHEREFORE, Defendant respectfully requests up to and including February 7, 2014, in which to file an Answer to Plaintiff's First Amended Complaint.

Respectfully submitted,

R. Eric Sanders, (30420-89)
Assistant Corporation Counsel
Office of Corporation Counsel
200 East Washington Street, Room 1601
Indianapolis, Indiana  46204
Telephone: (317) 327-4055
Fax:  (317) 327-3968
E-Mail: Eric.Sanders@indy.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been duly served upon all counsel listed

below, by United States mail, first-class, postage prepaid on this ⎯⎯ day of January, 2014.

           Vaughn A. Wamsley
           Stephen W. Thompson
           Kirk R. Kitzinger
           851 South Rangeline Road
           Carmel, IN  46032

                                R. Eric Sanders

OFFICE OF CORPORATION COUNSEL
200 East Washington Street, Room 1601
Indianapolis, Indiana  46204
Telephone: (317) 327-4055
Fax:  (317) 327-3968

IN THE MARION SUPERIOR COURT ROOM NO. 2
STATE OF INDIANA

KATHERINE F. JESSE, as the Personal      )   CAUSE NO. 49D02-01204-CT-017300
Representative of the Estate of          )
MICHAEL CALVERT, JR., Deceased,          )
                                         )
         Plaintiff,                      )
                                         )
v.                                       )
                                         )
THE CITY OF INDIANAPOLIS, et al.         )
                                         )
         Defendants.                     )

## MOTION FOR ENLARGEMENT OF TIME

Defendants, Correct Care Solutions, LLC, Anonymous Medical Professional, April Denise

Turner, Kristina Robison, Eduardo Oquendo, Nurse Kim Russell, Nurse D. Henderson, Nurse K.

Perry, Nurse T. Davis, and Nurse Purcell, by counsel, pursuant to T.R. 6(B)(1) of the Indiana Rules

of Trial Procedure and Rule 5.1(D) of the Rules of the Marion Circuit and Superior Courts, hereby

move for an automatic enlargement of time of thirty days to move or plead to plaintiff's First

Amended Complaint for Damages to and including January 31, 2014.

WHEREFORE, defendants pray the Court grant this Motion for Enlargement of Time of

thirty days to move or plead to plaintiff's First Amended Complaint for Damages, to and including

January 31, 2014, and for all other just and proper relief in the premises.

BOSE McKINNEY & EVANS LLP

Mary M. Ruth Feldhake, #15013-41
Attorneys for Defendants,
Correct Care Solutions, LLC, Anonymous Medical
Professional, April Denise Turner, Kristina
Robison, Eduardo Oquendo, Nurse Kim Russell,
Nurse D. Henderson, Nurse K. Perry,
Nurse T. Davis, and Nurse Purcell

## CERTIFICATE OF SERVICE

Service of the foregoing was made by placing a copy of the same in the United States

Mail, postage prepaid, addressed to the following counsel of record, this ⟍2⟋ day of

_____, 2014:

Vaughn A. Wamsley
Stephen W. Thompson
Vaughn A. Wamsley, P.C.
851 South Rangeline Road
Carmel, IN 46032

Kirk R. Kitzinger
9465 Counselors Row, Suite 200
Indianapolis, IN 46240

Eric Sanders/Andrew P. Seiwart
Office of Corporation Counsel
200 E. Washington Street, Room 1601
Indianapolis, IN 46204

Kevin Farrell
CLINE FARRELL CHRISTIE & LEE, P.C.
951 N. Delaware Street
Indianapolis, IN 46202

Mary M. Ruth Feldhake
BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
317/684-5132
317/223-0132 fax
2492824_1.

IN THE MARION SUPERIOR COURT ROOM NO. 2
STATE OF INDIANA

KATHERINE F. JESSE, as the Personal ) CAUSE NO. 49D02-01204-CT-017300
Representative of the Estate of )
MICHAEL CALVERT, JR., Deceased, )
)
     Plaintiff, )
)
v. )
)
THE CITY OF INDIANAPOLIS, et al. )
)
     Defendants. )

**APPEARANCE**
**RESPONDING PARTY**

**Party Classification:**       Initiating:       Responding:  XX

1.    The undersigned attorney and all attorneys listed on this form now appear in this case for the following party member(s):  Correct Care Solutions, LLC, Anonymous Medical Professional, April Denise Turner, Kristina Robison, Eduardo Oquendo, Nurse Kim Russell, Nurse D. Henderson, Nurse K. Perry, Nurse T. Davis, and Nurse Purcell

2.    Applicable attorney information for service as required by Trial Rule 5(B) (2) and for case information as required by Trial Rules 3.1 and 77(B) is as follows:

Mary M. Ruth Feldhake               Atty Number: 15013-41
BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700     Phone:       (317) 684-5132
Indianapolis, IN 46204            FAX:         (317) 223-0132
                            Computer Add.:  ---mfeldhake@boselaw.com

3.    There are other party members:  Yes  x  No

4.    *If first initiating party filing this case,* the clerk is requested to assign this case the following Case Type under Administrative Rule 8(b)(3):  N/A.

5.    I will accept service by FAX at the above noted number: NO.

6.    This case involves support issues:  Yes   No  XX  *(If yes, supply social security numbers for all family members on continuation page.)*

7.    There are related cases:  Yes   No  x

8.  This form has been served on all other parties.  Certificate of Service is attached: Yes X
    No

9.  Additional information required by local rule:  **none**

BOSE McKINNEY & EVANS LLP

_(signature)_

Mary M. Ruth Feldhake, #15013-41
Attorneys for Defendants,
Correct Care Solutions, LLC, Anonymous Medical
Professional, April Denise Turner, Kristina
Robison, Eduardo Oquendo, Nurse Kim Russell,
Nurse D. Henderson, Nurse K. Perry,
Nurse T. Davis, and Nurse Purcell

## CERTIFICATE OF SERVICE

Service of the foregoing was made by placing a copy of the same in the United States

Mail, postage prepaid, addressed to the following counsel of record, this __2__ day of

_____, 2014:

Vaughn A. Wamsley
Stephen W. Thompson
Vaughn A. Wamsley, P.C.
851 South Rangeline Road
Carmel, IN 46032

Kirk R. Kitzinger
9465 Counselors Row, Suite 200
Indianapolis, IN 46240

Eric Sanders/Andrew P. Seiwart
Office of Corporation Counsel
200 E. Washington Street, Room 1601
Indianapolis, IN 46204

Kevin Farrell
CLINE FARRELL CHRISTIE & LEE, P.C.
951 N. Delaware Street
Indianapolis, IN 46202

_(signature)_

Mary M. Ruth Feldhake
BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
317/684-5132  317/223-0132 fax
2492816_1.

STATE OF INDIANA     )   IN THE MARION COUNTY SUPERIOR COURT NO. 2
                  ) SS:  CIVIL DIVISION
COUNTY OF MARION     )   CAUSE NO.  49D02-1204-CT-017300

KATHERINE F. JESSEE, as the Personal Representative of the    )
ESTATE OF MICHAEL CALVERT, JR., Deceased,    )
                                      )
     Plaintiff,                            )
                                      )
     -v-                               )
                                      )
THE CITY OF INDIANAPOLIS; THE MARION COUNTY SHERIFF'S )
OFFICE; PAUL CIESIELSKI, individually and in his official capacity as )
Chief of the Indianapolis Metropolitan Police Department;    )
IMPD SGT. MARK FORD, in his individual capacity;    )
IMPD OFFICER JEFFREY TERRY, in his individual capacity;    )
IMPD OFFICER MATTHEW COFFING, in his individual capacity;    )
IMPD OFFICER BRENT MCDONALD, in his individual capacity;    )
IMPD OFFICER JOSE NAVARRO, in his individual capacity;    )
IMPD OFFICER DOUGLAS LEPSKY, in his individual capacity;    )
IMPD OFFICER BENJAMIN OWENS, in his individual capacity;    )
MARION COUNTY SHERIFF JOHN R. LAYTON, individually and    )
 in his official capacity as Sheriff of Marion County;    )
MCSO LT. COL. GARY TINGLE, individually and in his official    )
capacity as Commander of MCSO Jail Division;    )
MCSO MAJ. MELISSA HINER, individually and in her official    )
capacity as Commander of MSCO-Arrestee Processing Center;    )
MCSO LT. ROBERT FREDERICK, individually and in his official    )
capacity as Commander of MCSO-Arrestee Processing Center;    )
MCSO LT. ZINA SCAGGS, individually and in her official capacity    )
Commander of MCSO-Arrestee Processing Center;    )
MCSO SGT. JAMES MARTIN, in his individual capacity;    )
MCSO SGT. DAVID HAN, in his individual capacity;    )
MCSO DEP. CASEY GODBY, in his individual capacity;    )
 MCSO DEP. JAMES LEGRAND, in his individual capacity;    )
MCSO DEP. DANIEL NORRIS, in his individual capacity;    )
MCSO SGT. CLINTON BENNETT, in his individual capacity;    )
MCSO CPL. JUSTIN BUCHANAN, in his individual capacity;    )
MCSO DEP. BRIAN HOGUE, in his individual capacity;    )
MCSO DEP. WILLIAM SCHMIDT, in his individual capacity;    )
MCSO DEP. JAMES PRUITT, in his individual capacity;    )
MCSO LT. WILLIAM WEAVER, in his individual capacity;    )

**FILED**

(269)  DEC 1 2 2013

*Elizabeth F. White*
CLERK OF THE MARION CIRCUIT COURT

MCSO DEP. TONIA DIXON, in her individual capacity;            )
MCSO DEP. DANIEL MORLAN, in his individual capacity;         )
MCSO LT. MARK MENNONNO, in his individual capacity;          )
MCSO SGT. DARRELL WILLIAMS, JR., in his individual capacity; )
MCSO DEP. DEVON CLARK, in his individual capacity;           )
MCSO DEP. MICHAEL GLASSON, in his individual capacity;       )
MCSO DEP. NICHOLAS WRIGHT, in his individual capacity;       )
MCSO CPL. CHARLES TATE, in his individual capacity;          )
MCSO DEP. JOSHUA WATKINS, in his individual capacity;        )
MCSO DEP. ERICH GEPHART, in his individual capacity;         )
CORRECT CARE SOLUTIONS, LLC; ANONYMOUS MEDICAL               )
PROFESSIONAL; APRIL DENISE TURNER; KRISTINA ROBISON; )       )
EDUARDO OQUENDO; NURSE KIM RUSSELL; NURSE D.                 )
HENDERSON; NURSE K. PERRY NURSE T. DAVIS; NURSE              )
PURCELL; and MICHAEL CALVERT, SR., as the natural father     )
of the decedent,                                            )
                                                            )
                                                            )
          Defendants.                                       )

## PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW, the Plaintiff, Katherine F. Jesse, as the Personal Representative of the

Estate of Michael Calvert, Jr., and for her First Amended Complaint against the Defendants,

states and alleges as follows:

1.     That Michael Calvert, Jr., deceased, died intestate while a resident of the City of

Indianapolis, County of Marion, State of Indiana.

2.     That the Plaintiff, Katherine F. Jessee, is the natural mother of the decedent,

Michael Calvert, Jr., was a dependent of the decedent, Michael Calvert, Jr., and is the appointed,

qualified, and acting personal representative of the Estate of Michael Calvert, Jr., pursuant to the

December 29, 2011, Order of the Marion County Probate Court, Estate Docket No. 49D03-1112-

ES-048973.

3.      That the Plaintiff, Katherine F. Jessee, is a resident of the City of Indianapolis, County of Marion, State of Indiana, brings this action in her capacity as the Personal Representative of the Estate of Michael Calvert, Jr.

4.      That the Defendant, the City of Indianapolis, is a consolidated city and municipal corporation in the County of Marion, State of Indiana, at all times relevant to the cause of action herein.

5.      That the Defendant, the Indianapolis Metropolitan Police Department, is an agency of the City of Indianapolis and Marion County, operating in the City of Indianapolis, County of Marion, State of Indiana, at all times relevant to the cause of action herein.

6.      That the Defendant, the Marion County Sheriff's Office, is an agency of Marion County, operating in the County of Marion, State of Indiana, at all times relevant to the cause of action herein.

7.      That the Defendant, Paul Ciesielski, was the acting Chief of Indianapolis Metropolitan Police Department, at all times relevant to the cause of action herein.

8.      That the Defendant, John R. Layton, was the acting Marion County Sheriff of the Marion County Sheriff's Office, at all times relevant to the cause of action herein.

9.      That the Defendants, Mark Ford, Jeffrey Terry, Matthew Coffing, Brent McDonald, Jose Navarro, Douglas Lepskey, and Benjamin Owens (hereafter referred to collectively as "IMPD Officers"), were officers employed by the Indianapolis Metropolitan Police Department, and were acting within the course and scope of their employment, at all times relevant to the cause of action herein.

10.     That at all times during the detention, arrest, and processing of Michael Calvert, Jr., the Indianapolis Metropolitan Police Department Officers involved were acting within the scope of their employment with the City of Indianapolis Metropolitan Police Department.

11.     That pursuant to the common law theory of *respondeat superior*, the Defendant, Indianapolis Metropolitan Police Department, is vicariously liable for the tortuous behavior of its employees, including the acts of officers involved in the detention, arrest, and processing of Michael Calvert, Jr.

12.     That the Defendants, Gary Tingle, Melissa Hiner, Robert Frederick, Zina Scaggs, James Martin, David Han, Casey Godby, James LeGrand, Daniel Norris, Clinton Bennett, Justin Buchanan, Brian Hogue, William Schmidt, James Pruitt, William Weaver, Tonia Dixon, Daniel Morlan, Mark Mennonno, Darrell Williams, Jr., Devon Clark, Michael Glasson, Nicholas Wright, Charles Tate, Joshua Watkins, Erich Gephart, David Wendling, and Timothy Ross (hereafter referred to collectively as "MCSO Deputies"), were deputies employed by the Marion County Sheriff's Office, and were acting within the course and scope of their employment, at all times relevant to the cause of action herein.

13.     That at all times during the detention and processing of Michael Calvert, Jr., the Marion County Sheriff's Office Deputies and jail personnel involved were acting within the scope of their employment with the Marion County Sheriff's Office.

14.     That pursuant to the common law theory of *respondeat superior*, the Defendant, Marion County Sheriff's Office, is vicariously liable for the tortuous behavior of its employees, including the acts of deputies and jail personnel involved in the detention and processing of Michael Calvert, Jr.

15.     That Correct Care Solutions, LLC, is a limited liability company, incorporated under the laws of the State of Kansas, with its principal place of business in the City of Nashville, State of Tennessee, that was doing business in the City of Indianapolis, County of Marion, State of Indiana, and that was contracted with Defendants City of Indianapolis and Marion County Sheriff's Office to provide medical services to Marion County Jail, at all times relevant to the cause of action herein.

16.     That the Defendants, Anonymous Medical Professional (who has been named anonymously in accordance with I.C. 34-18-8-7, *et seq.*), April Denise Turner, Kristina Robison, Eduardo Oquendo, Nurse Kim Russell, Nurse D. Henderson, Nurse K. Perry, Nurse T. Davis, and Nurse Purcell (hereinafter referred to as "CCS Staff"), were medical staff working at the Marion County Jail and employed by the Defendant, Correct Care Solutions, LLC, and were acting within the scope of their employment, at all times relevant to the cause of action herein.

17.     That at all times during the detention and processing of Michael Calvert, Jr., the CCS staff involved were acting within the scope of their employment with the Defendant, Correct Care Solutions, LLC.

18.     That pursuant to the common law theory of *respondeat superior*, the Defendant, Correct Care Solutions, LLC, is vicariously liable for the tortuous behavior of its employees, including the acts of its staff involved in the detention, processing, and medical care (or lack thereof) of Michael Calvert, Jr.

19.     That the Defendant, Michael Calvert, Sr., is the natural father of the decedent, Michael Calvert, Jr., was a resident of the City of Indianapolis, County of Marion, State of Indiana, at all times relevant to the cause of action herein, and has been named as a party-Defendant to this action to answer for his damages.

## FACTS COMMON TO ALL ALLEGATIONS

20.     That the Plaintiff, Personal Representative Katherine F. Jesse, hereby incorporates, by reference, Rhetorical Paragraphs One (1) through Nineteen (19) of Plaintiff's First Amended Complaint, as if fully alleged herein.

21.     That prior to December 24, 2011, and at all times relevant to the cause of action herein, Michael Calvert, Jr. suffered from schizophrenia and bipolar disorder.

22.     That on December 24, 2011, at approximately 5:30 p.m., Michael Calvert, Jr. was arrested by the Metropolitan Indianapolis Police Department, at 1545 Lexington Avenue, City of Indianapolis, County of Marion, State of Indiana.

23.     That during his arrest, IMPD Officers restrained Michael Calvert, Jr. face-down on the ground in handcuffs; after being so restrained, IMPD Officers used excessive force on Mr. Calvert, including, but not limited to, use of a Taser gun no less than two (2) separate times, applying CS/OC Spray ("Mace") no less than two (2) separate times, and physically beating Mr. Calvert about the head and body.

24.     That following his arrest, and while he was in the custody of Indianapolis Metropolitan Police Officers, Michael Calvert, Jr., deceased, was neither given timely medical attention nor transported to a medical hospital for evaluation of the injuries he sustained during his arrest.

25.     That following his arrest, IMPD Officers transferred Michael Calvert, Jr. into the custody of the Marion County Sheriff's Office, and Michael Calvert, Jr. was transported from the scene of his arrest to the Marion County Arrestee Processing Center by MCSO Deputies for processing and detention.

26.     That while being processed and detained by the Marion County Sheriff's Office at Marion County Arrestee Processing Center, Michael Calvert, Jr., was subjected to the use of an additional Taser Gun and was physically beaten about the head and body by MCSO Deputies.

27.     That following processing, Michael Calvert Jr., was assigned by MCSO Deputies to be placed into a "general population" unit in the Marion County Jail, without special considerations given Michael Calvert, Jr.'s documented history of schizophrenia and bipolar disorder.

28.     That on December 25, 2011, as a result of being placed into a less-restrictive, "general population" unit, Michael Calvert, Jr. was able to barricade himself into a shower cell.

29.     That in order to remove him from the shower cell, MCSO Deputies forcibly extracted Michael Calvert, Jr., using excessive force, including, but not limited to, use of an additional Taser gun no less than two (2) separate times.

30     That as a result of the use of the Taser gun during the forcible extraction, Michael Calvert, Jr., became incapacitated, fell, and struck his head on the concrete floor of the shower, thereby suffering serious physical injury.

31.     That following the forcible extraction, MCSO Deputies and CCS Staff failed to provide Michael Calvert, Jr. with timely and adequate medical attention.

32.     That several hours after the forcible extraction, Michael Calvert, Jr. was transported to Wishard Hospital, where he was received in an unconscious and unresponsive state upon admission.

33.     That on December 27, 2011, Michael Calvert died as the result of fatal brain injuries suffered during the forcible extraction at the hands of MCSO Deputies on the night of December 25, 2011.

## CLAIMS FOR DAMAGES UNDER STATE LAW

34.     That the Plaintiff, Personal Representative Katherine F. Jesse, hereby

incorporates, by reference, Rhetorical Paragraphs One  (1) through Thirty-Three (33) of

Plaintiff's First Amended Complaint, as if fully alleged herein.

35.     That, in accordance with Indiana Statute, Defendants were timely served with a

Notice of Tort Claim by certified mail.

36.     That pursuant to Indiana Statute, the Plaintiff's claim has been constructively

denied, as Defendants have had more than ninety (90) days to investigate the claim, but have

failed to respond.

37.     That the Defendants owed to the Michael Calvert, Jr. a duty to exercise

reasonable care to see that they did not exert excessive or unnecessary force while restraining

Michael Calvert, Jr. during the arrest process and detention process, and to provide medical

attention in a timely manner.

38.     That the Defendants who restrained Michael Calvert, Jr. intentionally, and/or with

reckless disregard for Michael Calvert, Jr.'s physical well-being, failed to observe this duty by

failing to properly process, classify, and house Michael Calvert, Jr., by applying excessive force

to Michael Calvert, Jr., by failing to provide Michael Calvert, Jr., and by otherwise acting or

failing to act with deliberate indifference and/or reckless disregard for the wellbeing of Michael

Calvert, Jr. with adequate and timely medical care, thereby resulting in his death by traumatic

brain injury, which failures were the direct and proximate cause of Michael Calvert, Jr.'s death.

39.     That at all times during the arrest of Michael Calvert, Jr., the IMPD Officers who

restrained Michael Calvert, Jr., and the other IMPD Officers at the scene were acting within the

scope of their employment with the City of Indianapolis and the Indianapolis Metropolitan Police Department.

40.     That the Defendants, the City of Indianapolis, and Indianapolis Metropolitan Police Department Chief Paul Ciesielski, negligently hired, trained, supervised, and/or retained their respective Defendant police officers when they knew, or should have known, that the Defendant police officers had a propensity toward violence or toward over-reaction in situations such as that presented on December 24, 2011, or were otherwise unfit for service as law enforcement officers.

41.     That the Defendants, the City of Indianapolis, Marion County, the Indianapolis Metropolitan Police Department, and Indianapolis Metropolitan Police Department Chief Paul Ciesielski's negligent hiring, training, supervision and/or retention of the IMPD Officers was a proximate cause of the wrongful death of Michael Calvert, Jr..

42.     That at all times during the transportation, processing, and detention of Michael Calvert, Jr., the MCSO Deputies who transported, processed, and detained Michael Calvert, Jr., were acting within the scope of their employment with the Defendants, City of Indianapolis and the Marion County Sheriff's Office.

43.     That the Defendants, the City of Indianapolis, Marion County Sheriff's Office, and Marion County Sheriff John R. Layton negligently hired, trained, supervised, and/or retained their respective Defendant MCSO Deputies when they knew, or should have known, that the Defendant deputies officers had a propensity toward violence or toward over-reaction in situations such as those presented on December 24, 2011 and December 25, 2011, or were otherwise unfit for service as law enforcement officers.

44.    That the Defendants, the City of Indianapolis, Marion County Sheriff's Office, and Marion County Sheriff John R. Layton 's negligent hiring, training, supervision and/or retention of the IMPD Officers was a proximate cause of the wrongful death of Michael Calvert, Jr.

45.    That at all times during the processing and detention of Michael Calvert, Jr., the CCS Staff who evaluated, treated, and failed to provide treatment were acting within the scope of their employment with the Defendant, Correct Care Solutions, LLC.

46.    That the Defendant, Correct Care Solutions, LLC, negligently hired, trained, supervised, and/or retained their respective CCS Staff.

47.    That the Defendant, Correct Care Solutions, LLC's negligent hiring, training, supervision and/or retention of its CCS Staff was a proximate cause of the wrongful death of Michael Calvert, Jr.

48.    That as a result of the Defendants' tortious acts and failures to act as outlined above, Michael Calvert, Jr. has been damaged.

49.    That as a result of the Defendants' tortious acts and failures to act as outlined above, Michael Calvert, Jr.'s surviving mother, Katherine F. Jesse, and other family members, have sustained the loss of the love, care, affection and companionship of the decedent.

WHEREFORE, the Plaintiff, Katherine F. Jesse, as Personal Representative to the Estate of Michael Calvert, Jr., pursuant to 42 U.S.C. § 1983 and applicable federal and state laws, prays for judgment against the Defendants as follows:  (a) compensatory and punitive damages in an amount commensurate with the injuries the decedent sustained; (b) compensatory and punitive damages for the loss of life and liberty of the decedent without the due process of law, and the loss of liberty of continued association with the decedent; (c) compensatory and punitive

damages for the excessive force suffered by the decedent; (d) compensatory damages for the wrongful death of Michael Calvert, Jr., including, but not limited to, all damages allowed by the Indiana Wrongful Death Act, Indiana Code Section 34-23-1-1, *et. seq.*; (e) attorney's fees and costs pursuant to 42 U.S.C. § 1988; and (f) any other relief just and proper in the premises.

                                    Respectfully submitted,


                                    _____
                                    Vaughn A. Wamsley,     No. 14679-71
                                    Stephen W. Thompson,   No. 29760-53
                                    Kirk R. Kitzinger,     No. 5492-49
                                    *Attorneys for Estate of Michael Calvert, Jr.*


## CLAIMS FOR DAMAGES UNDER 42 U.S.C. SECTION 1983

50.     That the Plaintiff, Personal Representative Katherine F. Jesse, hereby incorporates, by reference, Rhetorical Paragraphs One (1) through Forty-nine (49) of Plaintiff's First Amended Complaint, as if fully alleged herein.

51.     That Defendants deprived Michael Calvert, Jr. of his rights, privileges and immunities guaranteed by the Fourth, Fifth, Eight, and Fourteenth Amendments to the United States Constitution on December 24, 2011, and December 25, 2011.

52.     That Defendants deprived Michael Calvert, Jr. of his rights to be secure in his own person and effects from unreasonable searches and seizures, as secured by the Fourth and Fourteenth Amendments.

53.     That Defendants deprived Michael Calvert, Jr. of his rights not to be deprived of Substantive Due Process, as secured by the Fifth and Fourteenth Amendments.

54.     That Defendants deprived Michael Calvert, Jr. of his rights not to be subjected to cruel and unusual punishment, as secured by the Eighth Amendment.

55.     That the Defendants unlawfully used excessive force, applied cruel and unusual punishment, and violated Michael Calvert, Jr.'s rights of Substantive Due Process in the arrest, process, detention, and ultimate killing of Michael Calvert, Jr. on December 24, 2011, and December 25, 2011, in violation of the Fourth, Fifth, Eighth and Fourteenth Amendments.

56.     That the Defendant IMPD Officers, MCSO Deputies and CCS Staff who did not actually participate in the illegal violations of Michael Calvert, Jr.'s Constitutional rights failed to intervene to stop the other Defendant IMPD Officers and MCSO Deputies from using excessive force, applying cruel and unusual punishment, depriving Michael Calvert, Jr.'s rights of Substantive Due Process, and ultimately killing Mr. Calvert in violation of the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

57.     That after the illegal assault upon Michael Calvert, Jr., the Defendants failed to provide Michael Calvert, Jr. emergency medical treatment in a timely manner and demonstrated a deliberate indifference to his obvious medical needs.

58.     That the Defendants' conduct wholly lacked the due care and diligence which prudent and reasonable officers, deputies, and medical professionals would have displayed.

59.     That the actions and inactions of the Defendant IMPD Officers, MCSO Deputies, and CCS Staff were the direct and proximate cause of Michael Calvert, Jr.'s injuries and damages, including, but not limited to, the wrongful death of Mr. Calvert, the violation of Mr. Calvert's Constitutional rights as secured by the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution, and the interference with the right of familial association due to his death.

60.     That the Defendants, the City of Indianapolis, Marion County Sheriff's Office, Indianapolis Metropolitan Police Chief Paul Ciesielski, and Marion County Sheriff John R. Layton, also deprived Michael Calvert, Jr. of his rights guaranteed by the United States Constitution by being deliberately indifferent to the obvious need for the training of police officers in handling situations such as that presented on December 24, 2011, and December 25, 2011, including, but not limited to, training on how to properly restrain a subject who no longer poses any potential risk of harm to officers or others, training on how to properly detain and process an arrestee, training on how to properly classify and place an inmate according to his medical/mental health needs, training on the proper procedures for forcible extractions, and training on providing appropriate medical and first response care following a physical extraction.

61.     That the Defendants, the City of Indianapolis, Marion County Sheriff's Office, Indianapolis Metropolitan Police Chief Paul Ciesielski, Marion County Sheriff John R. Layton, and Correct Care Solutions, LLC's deliberate indifference to the obvious need for proper training of their respective IMPD Officer, MCSO Deputies, and CCS Staff proximately caused Michael Calvert, Jr.'s injuries and damages, including, but not limited to, the wrongful death of Mr. Calvert, and the interference with the right of familial association due to his death.

62.     That the Defendants herein are responsible for Michael Calvert, Jr.'s death as a result of their intentional, willful, wanton, reckless and otherwise wrongful acts and omissions, including, but not limited to, excessive force upon Michael Calvert, Jr., failure to properly process and classify Michael Calvert, Jr. based on his documented history of mental disorder, failure to provide medical care and/or treatment to Mr. Calvert, failure to timely contact emergency services to transport Mr. Calvert to the hospital, and failure to train and supervise their officers and deputies.

63.     That as a direct and proximate result of the aforementioned conduct of the Defendants, Michael Calvert, Jr. was fatally injured and deprived of the rights, privileges and immunities secured to him under the Constitution and laws of the United States of America, including his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and Article 1, Section 11 and Section 15 of the Indiana Constitution, and other applicable federal and state laws.

64.     That the Defendants' intentional, willful, malicious, reckless, and wanton disregard of Michael Calvert, Jr.'s constitutional rights warrants the imposition of punitive damages in an amount sufficient to punish the Defendants and to deter said Defendants and other similarly situated police officers, police departments, sheriff's deputies, sheriff's departments, and contracted medical professionals from engaging in the same or like conduct in the future.

65.     That as a direct and proximate result of one or more of the aforementioned acts or omissions of the Defendants, Michael Calvert, Jr. sustained losses in the form of medical, funeral and burial expenses, as well as expenses incurred in the administration of the decedent's estate, including reasonable attorney fees, subjecting the Defendants to liability.

WHEREFORE, the Plaintiff, Katherine F. Jesse, as Personal Representative to the Estate of Michael Calvert, Jr., pursuant to 42 U.S.C. § 1983 and applicable federal and state laws, prays for judgment against the Defendants as follows: (a) compensatory and punitive damages in an amount commensurate with the injuries the decedent sustained; (b) compensatory and punitive damages for the loss of life and liberty of the decedent without the due process of law, and the loss of liberty of continued association with the decedent; (c) compensatory and punitive damages for the excessive force suffered by the decedent; (d) compensatory damages for the wrongful death of Michael Calvert, Jr., including, but not limited to, all damages allowed by the

Indiana Wrongful Death Act, Indiana Code Section 34-23-1-1, *et. seq.*; (e) attorney's fees and

costs pursuant to 42 U.S.C. § 1988; and (f) any other relief just and proper in the premises.

Respectfully submitted,

Vaughn A. Wamsley,          No. 14679-71
Stephen W. Thompson,        No. 29760-53
Kirk R. Kitzinger,          No. 5492-49
*Attorneys for Estate of Michael Calvert, Jr.*

### REQUEST FOR JURY TRIAL

COMES NOW, the Plaintiff, Katherine Jesse, as the Personal Representative of the

Estate of Michael Calvert, Jr., by counsel, and hereby respectfully requests trial by jury.

Respectfully submitted,

Vaughn A. Wamsley,          No. 14679-71
Stephen W. Thompson,        No. 29760-53
Kirk R. Kitzinger,          No. 5492-49
*Attorneys for Estate of Michael Calvert, Jr.*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was personally served upon the following by personal delivery to counsel on this _11_ th day of December, 2013:

Eric Sanders
Andrew P. Seiwart
CITY OF INDIANAPOLIS –
    OFFICE OF CORPORATION COUNSEL
City-County Building, Room 1601
200 East Washington Street
Indianapolis, IN 46204
Ph:    317/327-4055
Fax:   317/327-3968
eric.sanders@indy.gov
*Attorneys for City of Indianapolis, Marion County Sheriff's Office, IMPD Police Chief Paul Ciesielski, Marion County Sheriff John R. Layton, and Individually Named IMPD Officers and MCSO Deputies*

Kevin Farrell
CLINE FARRELL CHRISTIE & LEE, PC
951 North Delaware Street
Indianapolis, IN 46202
Ph:    317/488-5500
Fax:   317/488-5510
kevin@cfcl-law.com
*Attorney for Michael Calvert, Sr.*

Vaughn A. Wamsley,       No. 14679-71
Stephen W. Thompson,   No. 29760-53
Kirk R. Kitzinger,          No. 5492-49
*Attorneys for Estate of Michael Calvert, Jr.*

Vaughn A. Wamsley, Esq.
Stephen W. Thompson, Esq.
VAUGHN A. WAMSLEY, P.C.
851 South Rangeline Road
Carmel, IN  46032
Ph:    317/846-1080
Fax:   317/581-1234
sthompson@pilegal.com
*Attorneys for Estate of Michael Calvert, Jr.*

Kirk R. Kitzinger, Esq.
ATTORNEY AT LAW
9465 Counselors Row, Suite 200
Indianapolis, IN  46240
Ph:    317/805-4820
Fax:   317/844-5180
kkitz1@aol.com

| STATE OF INDIANA | ) | IN THE MARION COUNTY SUPERIOR COURT NO. 2 |
|---|---|---|
| | ) SS: | CIVIL DIVISION |
| COUNTY OF MARION | ) | CAUSE NO.  49D02-1204-CT-017300 |

KATHERINE F. JESSEE, as the Personal     )
Representative of the ESTATE OF MICHAEL     )
CALVERT, JR., Deceased,     )
                            )
      Plaintiff,                   )
                            )
      -v-                        )
                            )
THE CITY OF INDIANAPOLIS; THE        )
MARION COUNTY SHERIFF'S OFFICE,     )
and MICHAEL CALVERT, SR, as the natural    )
father of the decedent,             )
                            )
      Defendants.              )

**FILED**

(269)   DEC 1 2 2013

*Elizabeth f. white*
CLERK OF THE MARION CIRCUIT COURT

## ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT

COMES NOW, the Plaintiff, by counsel, and files herein Plaintiff's Motion to Amend Complaint, to-wit:

(H.I.)

The Court having read and examined this Motion, and being duly advised on the circumstances, hereby GRANTS said Motion.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that the Complaint in this matter shall be amended to reflect the Amended Complaint attached and should be filed *instanter*, and shall be deemed filed as of the date of the filing of this Motion.

DATED: DEC 1 2 2013

_____
JUDGE, MARION COUNTY SUPERIOR COURT NO. 2

DISTRIBUTION:

Vaughn A. Wamsley
Stephen W. Thompson
VAUGHN A. WAMSLEY, P.C.
851 South Rangeline Road
Carmel, IN 46032

Kirk Kitzinger
Attorney at Law
9465 Counselors Row, Suite 200
Indianapolis, IN  46240

Eric Sanders
CITY OF INDIANAPOLIS –
    OFFICE OF CORPORATION COUNSEL
City-County Building, Room 1601
200 East Washington Street
Indianapolis, IN 46204

Kevin Farrell
CLINE FARRELL CHRISTIE & LEE, PC
951 North Delaware Street
Indianapolis, IN 46202

STATE OF INDIANA    )   IN THE MARION COUNTY SUPERIOR COURT NO. 2
                ) SS: CIVIL DIVISION
COUNTY OF MARION    )   CAUSE NO. 49D02-1204-CT-017300

KATHERINE F. JESSEE, as the Personal   )
Representative of the ESTATE OF MICHAEL )
CALVERT, JR., Deceased,   )
                )
    Plaintiff,      )
                )
    -v-        )
                )
THE CITY OF INDIANAPOLIS; THE   )
MARION COUNTY SHERIFF'S OFFICE,   )
and MICHAEL CALVERT, SR, as the natural )
father of the decedent,   )
                )
    Defendants.    )

FILED

(86)  DEC 1 1 2013

*Clerk e mlllo*
CLERK OF THE MARION CIRCUIT COURT

## PLAINTIFF'S MOTION TO AMEND COMPLAINT

COMES NOW, the Plaintiff, Katherine F. Jesse, as the Personal Representative of the Estate of

Michael Calvert, Jr., deceased, by counsel, and submits herein Plaintiff's Motion to Amend Complaint

and, in support thereof states as follows:

1.    That the Complaint in this matter was filed on April 20, 2012.

2.    That the Plaintiff seeks to amend the Complaint to add additional Defendants, to wit:

those particular police officers, sheriff's deputies, and medical professionals involved in the death of

Michael Calvert, Jr., who have been identified through the course of discovery.

3.    The statute of limitations expires on December 24, 2013, and if this motion is not

granted, Plaintiff will suffer severe prejudice and irreparable harm.

4.    That, pursuant to Trial Rule 15(A), leave to amend shall be granted where justice so

requires. The policy in Indiana is to liberally allow amendments of pleadings to ensure that all issues

involved in a lawsuit are presented. *Kimberlin v. DeLong*, 673 N.E.2d 121, 128 (Ind. 1994); *Mullen v.*

*Cogdell*, 643 N.E.2d 390, 398-99 (Ind. Ct. App. 1994

5.      That the Complaint in this matter should therefore be amended to reflect the Amended Complaint attached *instanter*.

6.      That should the Court elect to set this matter for hearing, the Plaintiff respectfully requests that a hearing be set on or before Friday, December 20, 2013, as a hearing set on any date thereafter will serious risk that the Amended Complaint, and the summonses attendant thereto, will not be filed prior to the statute of limitations expiring on December 24, 2013.

WHEREFORE, the Plaintiffs pray the court grant the Motion to Amend Complaint and Order the Plaintiff's First Amended Complaint to be deemed filed as of the date this motion was filed, and for all other relief as is just and proper in the premises.

Respectfully submitted,

Vaughn A. Wamsley,      No. 14679-71
Stephen W. Thompson,   No. 29760-53
Kirk R. Kitzinger,            No. 5492-49
*Attorneys for Estate of Michael Calvert, Jr.*

Vaughn A. Wamsley, Esq.
Stephen W. Thompson, Esq.              Kirk R. Kitzinger, Esq.
VAUGHN A. WAMSLEY, P.C.                 ATTORNEY AT LAW
851 South Rangeline Road                9465 Counselors Row, Suite 200
Carmel, IN  46032                       Indianapolis, IN  46240
Ph:     317/846-1080                    Ph:     317/805-4820
Fax:    317/581-1234                    Fax:    317/844-5180
sthompson@pilegal.com                   kkitz1@aol.com

### CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was personally served upon the following by personal delivery to counsel on this _11_ th day of December, 2013:

Eric Sanders
Andrew P. Seiwart
CITY OF INDIANAPOLIS –
    OFFICE OF CORPORATION COUNSEL
City-County Building, Room 1601
200 East Washington Street
Indianapolis, IN 46204
Ph:     317/327-4055
Fax:    317/327-3968
eric.sanders@indy.gov
*Attorneys for City of Indianapolis, Marion County Sheriff's Office, IMPD Police Chief Paul Ciesielski, Marion County Sheriff John R. Layton, and Individually Named IMPD Officers and MCSO Deputies*

Kevin Farrell
CLINE FARRELL CHRISTIE & LEE, PC
951 North Delaware Street
Indianapolis, IN 46202
Ph:     317/488-5500
Fax:    317/488-5510
kevin@cfcl-law.com
*Attorney for Michael Calvert, Sr.*

Vaughn A. Wamsley,      No. 14679-71
Stephen W. Thompson,   No. 29760-53
Kirk R. Kitzinger,           No. 5492-49
*Attorneys for Estate of Michael Calvert, Jr.*

Vaughn A. Wamsley, Esq.
Stephen W. Thompson, Esq.
VAUGHN A. WAMSLEY, P.C.
851 South Rangeline Road
Carmel, IN  46032
Ph:     317/846-1080
Fax:    317/581-1234
sthompson@pilegal.com
*Attorneys for Estate of Michael Calvert, Jr.*

Kirk R. Kitzinger, Esq.
ATTORNEY AT LAW
9465 Counselors Row, Suite 200
Indianapolis, IN  46240
Ph:     317/805-4820
Fax:    317/844-5180
kkitz1@aol.com

STATE OF INDIANA          )      IN THE MARION COUNTY SUPERIOR COURT
                          ) SS:  CIVIL DIVISION
COUNTY OF MARION          )      CAUSE NO. 49D02-1204-CT-017300


KATHERINE F. JESSEE, as the Personal      )
   Representative of the ESTATE OF      )
   MICHAEL CALVERT, JR., Deceased,       )
                                          )
     Plaintiff,                      )
                                          )
v.                                        )
                                          )
THE CITY OF INDIANAPOLIS;                 )
THE MARION COUNTY SHERIFF'S OFFICE,       )
and MICHAEL CALVERT, SR. as the natural   )
   father of the decedent.               )
                                          )
     Defendants.                     )

**FILED**

(28)  AUG 27 2013

*Elizabeth L. White*
CLERK OF THE MARION CIRCUIT COURT


## Appearance by Attorney Under Trial Rule 3.1


Party Type:    Responding


1.    The undersigned attorney appears in this case for the following party member(s):

       City of Indianapolis
       Marion County Sheriff's Office

2.    Applicable attorney information for service as required by Trial Rule 5(B)(2) and for case
     information as required by Trial Rules 3.1 and 77(B) is as follows:

| | |
|---|---|
| Name: | R. Eric Sanders, (30420-89) |
| Address: | 200 East Washington Street, Suite 1601 |
| | Indianapolis, IN 46204 |
| Phone: | (317) 327-4055 |
| FAX: | (317) 327-3968 |
| Email: | Eric.Sanders@indy.gov |


3.    There are other party members:  Yes


AUG 28 ENT'D

4.   Case Type Requested (Initiating Party Only): N/A

5.   I will accept Fax service:  No

6.   This case does not involve support issues. No

7.   There are related cases:  No

8.   This form has been served consistent with Trial Rule 5.

9.   Other information required by local rule:  None.

Respectfully Submitted,

R. Eric Sanders, (30420-89)
Assistant Corporation Counsel
Office of Corporation Counsel
200 East Washington Street, Room 1601
Indianapolis, Indiana   46204
Telephone: (317) 327-4055
Fax:  (317) 327-3968
E-Mail: Eric.Sanders@indy.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been duly served upon the following counsel of record by first class United States mail, postage prepaid this 27th day of August, 2013.

Vaughn A. Wamsley
Stephen W. Thompson
VAUGHN A. WAMSLEY, P.C.
851 South Rangeline Road
Carmel, IN 46032

Kevin P. Farrell
951 N. Delaware St.
Indianapolis, IN 46202

Kirk R. Kitzinger
Attorney at Law
9465 Counselors Row, Suite 200
Indianapolis, IN 46240

R. Eric Sanders, (30420-89)
Assistant Corporation Counsel

STATE OF INDIANA       )       IN THE MARION COUNTY SUPERIOR COURT
NO. 2
                       ) SS:  CIVIL DIVISION
COUNTY OF MARION       )      CAUSE NO.  49D02-1204-CT-017300

KATHERINE F. JESSEE, as the Personal     )
Representative of the ESTATE OF MICHAEL   )
CALVERT, JR., Deceased,                   )
                                          )
          Plaintiff,                      )
                                          )
          -v-                             )
                                          )
THE CITY OF INDIANAPOLIS;                 )
THE MARION COUNTY SHERIFF'S               )
OFFICE,                                   )
and MICHAEL CALVERT, SR, as the natural   )
father of the decedent,                   )
                                          )
          Defendants.                     )

**FILED**

(269)   JUN 17 2013

*Chasely L. White*
CLERK OF THE MARION CIRCUIT COURT

## Order Granting Motion to Withdraw Appearance

This case is before the court on the Motion to Withdraw the Appearance of Jillian

L. Spotts.  Having considered the motion, the court determines it should be GRANTED.

Therefore, the appearance of Jillian L. Spotts on behalf of Defendants City of

Indianapolis and Marion County Sheriff's Office is WITHDRAWN.

Date: ___JUN 17 2013___                    _____
                                                    Judge

Distribution:

Alexander Will
Chief Litigation Counsel
OFFICE OF CORPORATION COUNSEL
200 East Washington Street, Room 1601
Indianapolis, Indiana  46204

Kevin Farrell, Esq.                          JUN 19 2013
CLINE FARRELL CHRISTIE & LEE, PC
951 North Delaware Street

Indianapolis, IN 46202

Vaughn A. Wamsley, Esq.
Stephen W. Thompson, Esq.
VAUGHN A. WAMSLEY, P.C.
851 South Rangeline Road
Carmel, IN  46032

Kirk R. Kitzinger, Esq.
ATTORNEY AT LAW
9465 Counselors Row, Suite 200
Indianapolis, IN  46240

STATE OF INDIANA ) IN THE MARION COUNTY SUPERIOR COURT
NO. 2
) SS:  CIVIL DIVISION
COUNTY OF MARION ) CAUSE NO.  49D02-1204-CT-017300

KATHERINE F. JESSEE, as the Personal )
Representative of the ESTATE OF MICHAEL )
CALVERT, JR., Deceased, )
)
    Plaintiff, )
)
    -v- )
)
THE CITY OF INDIANAPOLIS; )
THE MARION COUNTY SHERIFF'S )
OFFICE, )
and MICHAEL CALVERT, SR, as the natural )
father of the decedent, )
)
    Defendants. )

**FILED**

(28)   JUN 14 2013

*Elizabeth L. White*
CLERK OF THE MARION CIRCUIT COURT

## MOTION TO WITHDRAW APPEARANCE

Comes now, Jillian L. Spotts, Assistant Corporation Counsel, and moves the Court to withdraw her appearance for Defendants City of Indianapolis and Marion County Sheriff's Office.  In support of this Motion, counsel states as follows:

1.   That counsel herein has previously entered his appearance for the above Defendants in this case in her capacity as Assistant Corporation Counsel.

2.   That counsel is no longer employed with the Office of Corporation Counsel.

3.   Alexander Will, Chief Litigation Counsel, will continue to represent the Defendants.

WHEREFORE, Jillian L. Spotts respectfully requests the Court to withdraw her appearance on behalf of Defendants City of Indianapolis and Marion County Sheriff's Office in this case, and all other relief just and proper in the premises.

RECEIVED
JUN 17 2013

Respectfully submitted,

Jillian J. Spotts. (29256-49)
Assistant Corporation Counsel
OFFICE OF CORPORATION COUNSEL
200 East Washington Street, Room 1601
Indianapolis, Indiana  46204
Telephone: (317) 327-4055
Fax:  (317) 327-3968
E-Mail: jillian.spotts@indy.gov

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing has been served upon the

following counsel of record by first class, United States mail, postage prepaid, this 14th

day of June, 2013.

Kevin Farrell, Esq.
CLINE FARRELL CHRISTIE & LEE, PC
951 North Delaware Street
Indianapolis, IN 46202

Vaughn A. Wamsley, Esq.
Stephen W. Thompson, Esq.          Kirk R. Kitzinger, Esq.
VAUGHN A. WAMSLEY, P.C.            ATTORNEY AT LAW
851 South Rangeline Road          9465 Counselors Row, Suite 200
Carmel, IN  46032                 Indianapolis, IN  46240

Jillian L. Spotts, 29256-49
Assistant Corporation Counsel

OFFICE OF CORPORATION COUNSEL
200 East Washington Street, Room 1601
Indianapolis, Indiana  46204
Telephone: (317) 327-4055
Fax:  (317) 327-3968

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION COUNTY SUPERIOR COURT |
| | ) SS: | CIVIL DIVISION |
| COUNTY OF MARION | ) | CAUSE NO. 49D02-1204-CT-017300 |

KATHERINE F. JESSEE, as the Personal )
Representative of the ESTATE OF )
MICHAEL CALVERT, JR., Deceased, )
                            )
       Plaintiff, )
                            )
       v. )
                            )
THE CITY OF INDIANAPOLIS; )
THE MARION COUNTY SHERIFF'S )
OFFICE, AND )
MICHAEL CALVERT, SR. as the natural )
father of the decedent. )
                            )
       Defendants. )

FILED
(269)   NOV 2 8 2012
*Elizabeth f. White*
CLERK OF THE MARION CIRCUIT COURT

## ORDER
## UPON STIPULATION FOR PROTECTIVE ORDER
## FOR CONFIDENTIAL INFORMATION

      WHEREAS, the parties to this action pursuant to the Indiana Rules of Trial

Procedure and Marion Superior Court Civil Division Rules, are engaging in discovery;

and

      WHEREAS, it is anticipated that pleadings, discovery, papers and documents in

this matter may include documents containing information regarded as confidential and

of a personal nature by the party producing them, or otherwise refer to confidential and

personal records; and

      WHEREAS, the parties herby agree and stipulate that no disclosures of such

documents of a confidential and personal nature should occur except as necessary for the

purposes of this litigation; and

NOV 2 9 ENT'D

WHEREAS, such records and information requested by the Plaintiff contain confidential and personal information; and

WHEREAS, the protection stipulated to by both parties is the most appropriate means for protecting the fairness of the judicial and discovery process; and

WHEREAS, Rule 26(c) of the Indiana Rules of Trial Procedure provides for entry of a protective order such as contained herein.

IT IS AGREED AND STIPULATED by and among the parties as follows:

1)      All social security numbers, dates of birth, and personal addresses contained in any and all audio records and personnel files of any and all agents and/or employees of the Defendants are considered "confidential" and "personal" information for purposes of this Order.

2)      All such confidential information produced, exchanged, or received in the course of this action shall be used by the receiving party solely for the purpose of this litigation and for no other purpose.

3)      Any document or record considered to be confidential can only be examined by counsel for the parties, the parties, and said counselor's employees and consultants (including independent medical examiners) as necessary in connection with this litigation.

4)      To the extent Confidential Information/Documentation is used as an exhibit or attachment to any filing with the Court in the above-captioned litigation, or is specifically referenced in any agreements, briefs, memoranda of law, or other pre-trial papers filed in this Court in this litigation, the party using the Confidential Information/Documentation will file the document with the

9)     The public interest in this litigation will be served in that this Order will not restrict disclosure of information introduced at trial.

10)    Any party or interested member of the public can challenge the confidentiality of a particular document under this order by motion.

11)    The undersigned parties, by counsel, agree to be bound by the provisions of the Order pending approval by the Court.

_____          _____
Stephen W. Thompson, Attorney for Plaintiff    Date  11/19/12
Kirk R. Kitzinger, Attorney for Plaintiff

_____          _____
Jillian L. Spotts                               Date  11/27/12
Attorney for Defendants City of Indianapolis and MCSD

_____          _____
Kevin P. Farrell, Attorney for Defendant Michael Calvert Sr.   Date  11/20/12


NOV 2 8 2012


SO ORDERED:


_____
Judge, Marion County Superior Court No. 2

Distribution to:


Jillian L. Spotts
Assistant Corporation Counsel
OFFICE OF CORPORATION COUNSEL
200 E. Washington Street, Suite 1601
Indianapolis, IN  46204


Vaughn A. Wamsley
Stephen W. Thompson
VAUGHN A. WAMSLEY, P.C.
851 South Rangeline Road
Carmel, IN 46032


Kevin P. Farrell
CLINE FARRELL CHRISTIE & LEE
951 N. Delaware St.
Indianapolis, IN  46202


Kirk R. Kitzinger
ATTORNEY AT LAW
9465 Counselors Row, Suite 200
Indianapolis, IN  46240

STATE OF INDIANA    )    IN THE MARION COUNTY SUPERIOR COURT
                      ) SS:  CIVIL DIVISION
COUNTY OF MARION    )    CAUSE NO. 49D02-1204-CT-017300

KATHERINE F. JESSEE, as the Personal  )
Representative of the ESTATE OF  )
MICHAEL CALVERT, JR., Deceased,  )
                        )
     Plaintiff,            )
                        )
     v.                 )
                        )
THE CITY OF INDIANAPOLIS;  )
THE MARION COUNTY SHERIFF'S  )
OFFICE, AND  )
MICHAEL CALVERT, SR. as the natural  )
father of the decedent.  )
                        )
     Defendants.        )

FILED

NOV 27 2012

## MOTION TO APPROVE STIPULATED PROTECTIVE ORDER

Come now, Defendants, the City of Indianapolis and Marion County Sheriff's Office ("Defendants"), by counsel, and state:

1.    The parties have stipulated upon a protective order relating to confidential, personal information contained in audio records as well as in personnel files of Defendants' agents and/or employees.

2.    A copy of the Order is submitted herewith.

3.    The Order concerns matters of a confidential and personal nature, which should remain confidential, and the stipulated protective order is an appropriate means for protecting the fairness of the judicial and discovery process pursuant to Indiana Rule of Trial Procedure 26(c).

WHEREFORE, the parties agree to the protective order submitted herewith, and pray that the Court order and sign the same.

Respectfully submitted,

Jillian L. Spotts, 29256-49
Assistant Corporation Counsel
OFFICE OF CORPORATION COUNSEL
200 E. Washington Street, Suite 1601
Indianapolis, Indiana  46204
Telephone: (317) 327-4055

Attorney for Defendants City of
Indianapolis and   Marion County Sheriff's
Department

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of November , 2012, a copy of the

foregoing was served upon opposing counsel via first-class U.S. mail.


Stephen W. Thompson
Vaughn A. Wamsley
VAUGHN A. WAMSLEY, P.C.
851 South Rangeline Road
Carmel, IN 46032


Kevin P. Farrell
CLINE FARRELL CHRISTIE & LEE
951 N. Delaware St.
Indianapolis, IN 46202


Kirk R. Kitzinger
ATTORNEY AT LAW
9465 Counselors Row, Suite 200
Indianapolis, IN  46240


Jillian L. Spotts, 29256-49
Assistant Corporation Counsel


OFFICE OF CORPORATION COUNSEL
City-County Building
200 East Washington Street, Suite 1601
Indianapolis, Indiana 46204
Telephone: (317) 327-4055

| STATE OF INDIANA | ) | IN THE MARION COUNTY SUPERIOR COURT NO. 2 |
|---|---|---|
| | ) SS: | CIVIL DIVISION |
| COUNTY OF MARION | ) | CAUSE NO.  49D02-1204-CT-017300 |

KATHERINE F. JESSEE, as the Personal )
Representative of the ESTATE OF MICHAEL )
CALVERT, JR., Deceased, )
                               )

    Plaintiff, )

    -v- )

THE CITY OF INDIANAPOLIS; MARION )
COUNTY BOARD OF COMMISSIONERS; )
THE INDIANAPOLIS METROPOLITAN )
POLICE DEPARTMENT; THE )
MARION COUNTY SHERIFF'S OFFICE, )
and MICHAEL CALVERT, SR, as the natural )
father of the decedent, )
                               )

    Defendants. )

**FILED**

(269)  AUG 0 6 2012

*Elizabeth L. White*
CLERK OF THE MARION CIRCUIT COURT

**ORDER ON DISMISSAL OF DEFENDANTS MARION COUNTY BOARD OF COMMISSIONERS
AND INDIANAPOLIS METROPOLITAN POLICE DEPARTMENT WITHOUT PREDJUDICE**

This matter having come before the Court on the parties' Joint Stipulation of Dismissal,

and the Court being duly advised in the premises, finds that the dismissal of Defendants Marion

County Board of Commissioners and Indianapolis Metropolitan Police Department only should

be GRANTED.

WHEREFORE, IT IS ORDERED that this cause of action as to Defendants Marion

County Board of Commissioners and Indianapolis Metropolitan Police Department is hereby

DISMISSED WITHOUT PREJUDICE, with each party to bear their own respective costs.

Date: _____        *Theodore M Sosin*

            AUG 0 6 2012    Judge, Marion County Superior Court D02

Distribution:

Vaughn A. Wamsley, Esq.
Stephen W. Thompson, Esq.
VAUGHN A. WAMSLEY, P.C.
851 South Rangeline Road
Carmel, IN  46032

Kirk R. Kitzinger, Esq.
ATTORNEY AT LAW
9465 Counselors Row, Suite 200
Indianapolis, IN  46240

Jillian L. Spotts, Esq.
OFFICE OF CORPORATION COUNSEL
City-County Building, Room 1601
200 East Washington Street
Indianapolis, IN 46204

Kevin Farrell, Esq.
CLINE FARRELL CHRISTIE & LEE, PC
951 North Delaware Street
Indianapolis, IN 46202

STATE OF INDIANA )  IN THE MARION COUNTY SUPERIOR COURT NO. 2
                     ) SS:  CIVIL DIVISION
COUNTY OF MARION )  CAUSE NO.  49D02-1204-CT-017300

KATHERINE F. JESSEE, as the Personal )
Representative of the ESTATE OF MICHAEL )
CALVERT, JR., Deceased, )
           )
      Plaintiff, )
           )
      -v- )
           )
THE CITY OF INDIANAPOLIS; MARION )
COUNTY BOARD OF COMMISSIONERS; )
THE INDIANAPOLIS METROPOLITAN )
POLICE DEPARTMENT; THE )
MARION COUNTY SHERIFF'S OFFICE, )
and MICHAEL CALVERT, SR, as the natural )
father of the decedent, )
           )
      Defendants. )

**FILED**

(28)  AUG 01 2012

*Elizabeth d. White*
CLERK OF THE MARION CIRCUIT COURT

### JOINT STIPULATION OF DISMISSAL WITHOUT PREJUDICE OF DEFENDANTS MARION COUNTY BOARD OF COMMISSIONERS AND INDIANAPOLIS METROPOLITAN POLICE DEPARTMENT

COME NOW, Plaintiff Katherine F. Jessee, as the Personal Representative of the Estate of Michael Calvert Jr., Deceased and Defendants, the City of Indianapolis; Marion County Board of Commissioners; the Indianapolis Metropolitan Police Department ("IMPD"); and the Marion County Sherriff's Office, and Defendant Michael Calvert, Sr., by their respective counsel, hereby agree and stipulate to the dismissal of all claims against Defendant Marion County Board of Commissioners and Defendant IMPD, only, without prejudice.

In support thereof, the Parties agree as follows:

1. That, at all relevant times to the above-captioned cause, IMPD and the Marion County Board of Commissioners are not the appropriate suable entities; the City of Indianapolis is.

2.     Plaintiff's claims against the City of Indianapolis, arising from the actions of IMPD officers during the course and scope of their employment, shall not be affected by this Stipulation.

WHEREFORE, Plaintiff Katherine F. Jessee, as the Personal Representative of the Estate of Michael Calvert Jr., Deceased and Defendants, the City of Indianapolis; Marion County Board of Commissioners; the Indianapolis Metropolitan Police Department; and the Marion County Sherriff's Office, and Defendant Michael Calvert, Sr., by their respective counsel, hereby agree and stipulate to the dismissal of all claims against Defendant Marion County Board of Commissioners and Defendant IMPD, only, without prejudice, and requests the Court to enter an Order of Dismissal Without Prejudice as to Defendants Marion County Board of Commissioners and Defendant IMPD only, with the parties to bear their respective costs.

Respectfully Submitted,

_____
Vaughn A. Wamsley,          No. 14679-71
Stephen W. Thompson,     No. 29760-53
Kirk R. Kitzinger,               No. 5492-49
*Attorneys for Estate of Michael Calvert, Jr.*

_____
Jillian L. Spotts,                  No. 29256-49
*Attorney for City of Indianapolis, IMPD,*
*Marion Co., Bd. of Comm'rs, and*
*Marion Co. Sheriff's Office*

_____
Kevin Farrell,                     No. 6783-49
*Attorney for Michael Calvert, Sr.*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served upon the following by First Class, U.S. Mail, postage prepaid, and/or electronic mail on this ___1st___ day of ___August___, 2012:

Kevin Farrell, Esq.
CLINE FARRELL CHRISTIE & LEE, PC
951 North Delaware Street
Indianapolis, IN 46202
Ph:     317/488-5500
Fax:    317/488-5510
kevin@cfcl-law.com
*Attorney for Michael Calvert, Sr.*

Vaughn A. Wamsley, Esq.                      Kirk R. Kitzinger, Esq.
Stephen W. Thompson, Esq.                    ATTORNEY AT LAW
VAUGHN A. WAMSLEY, P.C.                       9465 Counselors Row, Suite 200
851 South Rangeline Road                      Indianapolis, IN 46240
Carmel, IN  46032                             Ph:     317/805-4820
Ph:     317/846-1080                          Fax:    317/844-5180
Fax:    317/581-1234                          kkitz1@aol.com
sthompson@pilegal.com
*Attorneys for Estate of Michael Calvert, Jr.*

Jillian L. Spotts No. 29256-49
*Attorney for Defendants City of
Indianapolis, Indianapolis Metropolitan
Police Department, Marion County Board of
Commissioners, and Marion County
Sheriff's Office*

OFFICE OF CORPORATION COUNSEL
City-County Building, Room 1601
200 East Washington Street
Indianapolis, IN 46204
Ph:     317/327-4055
Fax:    317/327-3968

| STATE OF INDIANA | ) | IN THE MARION COUNTY SUPERIOR COURT |
|---|---|---|
| | ) SS: | CIVIL DIVISION |
| COUNTY OF MARION | ) | CAUSE NO. 49D02-1204-CT-017300 |

KATHERINE F. JESSEE, as the Personal )
Representative of the ESTATE OF )
MICHAEL CALVERT, JR., Deceased, )
                                   )

      Plaintiff, )
                                   )

      v. )

THE CITY OF INDIANAPOLIS; )
MARION COUNTY BOARD OF )
COMMISSIONERS; THE )
INDIANAPOLIS METROPOLITAN )
POLICE DEPARTMENT; THE MARION )
COUNTY SHERIFF'S OFFICE, AND )
MICHAEL CALVERT, SR. as the natural )
father of the decedent. )
                                   )

      Defendants. )

FILED
(28) JUL 05 2012
Clerk of White
CLERK OF THE MARION CIRCUIT COURT

## APPEARANCE BY ATTORNEY UNDER TRIAL RULE 3.1

    Party Type:    Responding

1.    The undersigned attorney appears in this case for the following party
    member(s):

    City of Indianapolis, Marion County Board of Commissioners, the Indianapolis
    Metropolitan Police Department, and the Marion County Sheriff's Office

2.    Applicable attorney information for service as required by Trial Rule 5(B)(2)
    and for case information as required by Trial Rules 3.1 and 77(B) is as follows:

    Name:        Jillian L. Spotts (29256 49)

    Address:    200 East Washington Street, Suite 1601
                Indianapolis, IN  46204
    Phone:      (317) 327-4055
    FAX:        (317) 327-3968
    Email:      Jillian.Spotts@indy.gov

JUL 0 6 ENT'D

3.      There are other party members:  No

4.      Case Type Requested (Initiating Party Only): N/A

5.      I will accept Fax service:  No

6.      This case does not involve support issues. No

7.      There are related cases:  No

8.      This form has been served consistent with Trial Rule 5.

9.      Other information required by local rule:  None.

Respectfully Submitted,

Jillian L. Spotts (29256 49)
Assistant Corporation Counsel
Office of Corporation Counsel
200 East Washington Street, Room 1601
Indianapolis, Indiana  46204
Telephone: (317) 327-4055
Fax:  (317) 327-3968
E-Mail: Jillian.Spotts@indy.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been duly served upon all counsel listed below, by United States mail, first-class, postage prepaid on this _5_ day of _July_, 2012.

Vaughn A. Wamsley
Stephen W. Thompson
VAUGHN A. WAMSLEY, P.C.
851 South Rangeline Road
Carmel, IN 46032

Kevin P. Farrell
951 N. Delaware St.
Indianapolis, IN 46202

Jillian L. Spotts (29256-49)
Assistant Corporation Counsel

OFFICE OF CORPORATION COUNSEL
200 East Washington Street, Room 1601
Indianapolis, Indiana 46204
Telephone: (317) 327-4055
Fax: (317) 327-3968

STATE OF INDIANA        )       IN THE MARION COUNTY SUPERIOR COURT
                        ) SS:   CIVIL DIVISION
COUNTY OF MARION        )       CAUSE NO. 49D02-1204-CT-017300


KATHERINE F. JESSEE, as the Personal    )
Representative of the ESTATE OF          )
MICHAEL CALVERT, JR., Deceased,          )
                                         )
        Plaintiff,                       )
                                         )
        v.                               )
                                         )
THE CITY OF INDIANAPOLIS;                )
MARION COUNTY BOARD OF                   )
COMMISSIONERS; THE                       )
INDIANAPOLIS METROPOLITAN                )
POLICE DEPARTMENT; THE MARION            )
COUNTY SHERIFF'S OFFICE, AND             )
MICHAEL CALVERT, SR. as the natural      )
father of the decedent.                  )
                                         )
                                         )
        Defendants.                      )

**FILED**

(28)  JUL 05 2012

*Clerk F. White*
CLERK OF THE MARION CIRCUIT COURT

## APPEARANCE BY ATTORNEY UNDER TRIAL RULE 3.1

Party Type:    Responding

1.    The undersigned attorney appears in this case for the following party
      member(s):

      City of Indianapolis, Marion County Board of Commissioners, the Indianapolis
      Metropolitan Police Department, and the Marion County Sheriff's Office

2.    Applicable attorney information for service as required by Trial Rule 5(B)(2)
      and for case information as required by Trial Rules 3.1 and 77(B) is as follows:

      Name:      Jillian L. Spotts (29256 49)

      Address:   200 East Washington Street, Suite 1601
                 Indianapolis, IN  46204
      Phone:     (317) 327-4055
      FAX:       (317) 327-3968
      Email:     Jillian.Spotts@indy.gov

3.    There are other party members:  No

4.    Case Type Requested (Initiating Party Only): N/A

5.    I will accept Fax service:  No

6.    This case does not involve support issues. No

7.    There are related cases:  No

8.    This form has been served consistent with Trial Rule 5.

9.    Other information required by local rule:  None.


Respectfully Submitted,


Jillian L. Spotts (28236 49)
Assistant Corporation Counsel
Office of Corporation Counsel
200 East Washington Street, Room 1601
Indianapolis, Indiana  46204
Telephone: (317) 327-4055
Fax:  (317) 327-3968
E-Mail: Jillian.Spotts@indy.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been duly served upon all counsel

listed below, by United States mail, first-class, postage prepaid on this $5$ day of

July ,2012.

Vaughn A. Wamsley
Stephen W. Thompson
VAUGHN A. WAMSLEY, P.C.
851 South Rangeline Road
Carmel, IN 46032

Kevin P. Farrell
951 N. Delaware St.
Indianapolis, IN  46202

Jillian L. Spotts (29256-49)
Assistant Corporation Counsel

OFFICE OF CORPORATION COUNSEL
200 East Washington Street, Room 1601
Indianapolis, Indiana  46204
Telephone: (317) 327-4055
Fax:  (317) 327-3968

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION COUNTY SUPERIOR COURT |
| | )SS: | CIVIL DIVISION |
| COUNTY OF MARION | ) | CAUSE NO.: 49D02-1204-CT-017300 |

KATHERINE F. JESSEE, as the Personal )
Representative of the ESTATE of )
MICHAEL CALVERT, Jr., Deceased, )
                                 )
      Plaintiff, )
                                 )
      v. )
                                 )
THE CITY OF INDIANAPOLIS, )
MARION COUNTY BOARD OF )
COMMISSIONERS; THE )
INDIANAPOLIS METROPOLITAN )
POLICE DEPARTMENT; THE MARION )
COUNTY SHERRIFF'S OFFICE, and )
MICHAEL CALVERT, SR. as the natural )
Father of the decedent, )
                                 )
      Defendants. )

## **APPEARANCE BY ATTORNEY IN CIVIL CASE**

   1.  Comes now Kirk R. Kitzinger and enters his Appearance on behalf of Plaintiff in the above cause of action.

   2.  Kirk R. Kitzinger, 9465 Counselor's Row, #200, Indianapolis, IN 46240, #5492-49, kkitz1@aol.com.

   3.  There are other party members:  Yes:___ No: _X_

   4.  I will accept service by FAX at the above noted number:  Yes:___ No: _X_

   5.  This case involves support issues:  Yes:___ No: _X_

   6.  There are related cases:  Yes:___ No: _X_

   7.  This form has been served on all other parties:  Yes: _X_ No:____

Respectfully submitted,

Kirk R. Kitzinger, #5492-49
Attorney for Plaintiff

Kirk R. Kitzinger
Attorney at Law
9465 Counselors Row, Suite 200
Indianapolis, IN  46240
(317) 805-4820
(317) 844-5180

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following

Counsel of record by First Class United States Mail, postage prepaid, this 28th day of

June, 2012:

Justin F. Roebel
Office of Corporation Counsel
200 East Washington St., Room 1601
Indianapolis, IN  46204

Kevin P. Farrell
Cline Farrell Christie & Lee
951 N. Delaware St.
Indianapolis, IN  46202

Vaughn A. Wamsley
Steven W. Thompson
851 South Rangeline Road
Carmel, IN  46032

Kirk R. Kitzinger
Attorney for Plaintiff

Kirk R. Kitzinger
Attorney at Law
9465 Counselors Row, Suite 200
Indianapolis, IN  46240
(317) 805-4820
(317) 844-5180

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION COUNTY SUPERIOR COURT |
| | ) SS: | CIVIL DIVISION |
| COUNTY OF MARION | ) | CAUSE NO. 49D02-1204-CT-017300 |

KATHERINE F. JESSEE, as the Personal )
Representative of the ESTATE OF )
MICHAEL CALVERT, JR., Deceased, )
                                         )

    Plaintiff, )

    v. )

THE CITY OF INDIANAPOLIS; )
MARION COUNTY BOARD OF )
COMMISSIONERS; THE )
INDIANAPOLIS METROPOLITAN )
POLICE DEPARTMENT; THE MARION )
COUNTY SHERIFF'S OFFICE, AND )
MICHAEL CALVERT, SR. as the natural )
father of the decedent. )
                                         )

    Defendants. )

**FILED**

(28) JUN 25 2012

*Elizabeth J. White*
CLERK OF THE MARION CIRCUIT COURT

## Defendant's Answer to Plaintiff's Complaint and Affirmative Defenses

Defendants City of Indianapolis, Marion County Board of Commissioner, the

Indianapolis Metropolitan Police Department, and the Marion County Sheriff's Office,

("Defendants"), by counsel, hereby answers Plaintiff's Complaint. Defendants note that, for ease

of reference, the allegations of Plaintiff's Complaint are set forth verbatim with Defendant's

responses following each allegation.

    1.     That Michael Calvert, Jr., deceased, died intestate while a resident of the City of

Indianapolis, County of Marion, State of Indiana.

    **ANSWER:** Defendants are without knowledge or information sufficient to form a belief
about the truth of the allegations made in Paragraph 1 of the Complaint and therefore
deny the same.

2.       That the Plaintiff, Katherine F. Jessee, is the natural mother of the decedent,

Michael Calvert, Jr., and is the appointed, qualified, and acting personal representative of the

Estate of Michael Calvert, Jr., pursuant to the December 29, 2011 Order of the Marion County

Probate Court, Estate Docket No. 49D03-1112-ES-048973.

    **ANSWER:** Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations made in Paragraph 2 of the Complaint and therefore deny the same.

3.       That the Plaintiff, Katherine F. Jessee, resident of the City of Indianapolis, County

of Marion, State of Indiana, brings this action in her capacity as the Personal Representative of

the Estate of Michael Calvert, Jr.

    **ANSWER:** Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations made in Paragraph 3 of the Complaint and therefore deny the same.

4.       That the Defendant, City of Indianapolis, is a city and municipal corporation in

the County of Marion, State of Indiana, at all times pertinent to this cause of action herein.

    **ANSWER:**  Defendants admit the allegations in Paragraph 4 of the Complaint.

5.       That the Defendant, Marion County Board of Commissioners, is the governing

commission of the County of Marion, State of Indiana, at all times pertinent to the cause of

action herein.

    **ANSWER:**  State and local law with respect to the establishment and duties of the Marion County Board of Commissioners speaks for itself.  To the extent that Paragraph 5 of the Complaint states any substantive allegations, the Defendants deny the same.

6.      That the Defendant, the Indianapolis Metropolitan Police Department, is an agency of the City of Indianapolis and Marion County, operating in the City of Indianapolis, County of Marion, State of Indiana, at all times pertinent to the cause of action herein.

> **ANSWER:**  State and local law with respect to the establishment and duties of the Indianapolis Metropolitan Police Department speaks for itself.  To the extent that Paragraph 6 of the Complaint states any substantive allegations, the Defendants deny the same.

7.      That the Defendant, the Marion County Sheriff's Office, is an agency of Marion County, operating in the County of Marion, State of Indiana, at all times pertinent to the cause of action herein.

> **ANSWER:**  State and local law with respect to the Marion County Sheriff, his office and its duties speaks for itself.  To the extent that Paragraph 7 of the Complaint states any substantive allegations, the Defendants deny the same.

8.      That the Defendant, Michael Calvert, Sr., is the natural father of the decedent, Michael Calvert, Jr., was a resident of the City of Indianapolis, County of Marion, State of Indiana, at all times pertinent to the cause of action herein, and has been named as a party-Defendant to answer for his damages.

> **ANSWER:** Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations made in Paragraph 8 of the Complaint and therefore deny the same.

9.      That at all times during the detention, arrest, and processing of Michael Calvert, Jr., deceased, the Indianapolis Metropolitan police Department Officers involved were acting within the scope of their employment with the City of Indianapolis Metropolitan Police Department.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations made in Paragraph 9 of the Complaint and therefore deny the same.

10.     That pursuant to the common law theory of *respondeat superior*, the Defendant, Indianapolis Metropolitan Police Department, is vicariously liable for the tortuous behavior of its employees, including the acts of the officers involved in the detention, arrest, and processing of Michael Calvert, Jr.

**ANSWER:** Indiana law with respect to the doctrine of *respondeat superior* speaks for itself.  Further, IMPD is not a separate suable entity distinct from the City under Indiana law.  The Defendants deny the remaining allegations in Paragraph 10 of the Plaintiff's Complaint.

11.     That at all times during the detention and processing of Michael Calvert, Jr., deceased, the Marion County Sheriff's Office Deputies and jail personnel involved were acting within the scope of their employment with the Marion County Sheriff's Office.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations made in Paragraph 11 of the Complaint and therefore deny the same.

12.     That pursuant to the common law theory of *respondeat superior*, the Defendant, Marion County Sheriff's Office, is vicariously liable for the tortuous behavior of its employees, including the acts of deputies and jail personnel involved in the detention and processing of Michael Calvert, Jr.

**ANSWER:** Indiana law with respect to the doctrine of *respondeat superior* speaks for itself.  The Defendants deny the remaining allegations in Paragraph 12 of the Plaintiff's Complaint.

13.    That, in accordance with the Indiana Statute, Defendants were timely served with a Notice of Tort Claim, by certified mailing, dated January 3, 2012.

**ANSWER:** Defendant admits that the Plaintiffs filed a Notice of Tort Claim with the Defendants, but is without sufficient information to either admit or deny the remaining material allegations contained within Plaintiff's paragraph number 13.

14.    That, pursuant to Indiana Statute, the Plaintiff's claim has been constructively denied, as Defendants have had more than ninety (90) days to investigate the claim, but have failed to respond.

**ANSWER:**  Indiana law, including the Indiana Tort Claim Act, speaks for itself.  the Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations made in Paragraph 14 of the Complaint and therefore deny the same.

15.    That on December 24, 2011, at approximately 5:30 p.m., Michael Calvert, Jr., deceased, was arrested by Indianapolis Metropolitan Police Department Officers, at 1545 Lexington Avenue, City of Indianapolis, County of Marion, State of Indiana.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations made in Paragraph 15 of the Complaint and therefore deny the same.

16.    That during his arrest by Indianapolis Metropolitan police Department Officers, Michael Calvert, Jr., deceased, was restrained face-down on the ground in handcuffs.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations made in Paragraph 16 of the Complaint and therefore deny the same.

17.    That while so restrained, Michael Calvert, Jr., deceased, was subjected by Indianapolis Metropolitan Police Department Officers to the use of a Taser Gun on no less than two (2) separate occasions, the application of CS/OC Spray (a chemical agent commonly

referred to as "mace") on no less than two (2) separate occasions, and was physically beaten about the head and body by said officers.

> **ANSWER:** Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations made in Paragraph 17 of the Complaint and therefore deny the same.

18.     That following his arrest, and while he was in the custody of Indianapolis Metropolitan Police Officers, Michael Calvert, Jr., deceased, was neither given timely medical attention nor transported to a medical hospital for evaluation of the injuries he sustained during his arrest.

> **ANSWER:** Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations made in Paragraph 18 of the Complaint and therefore deny the same.

19.     That following his arrest, Michael Calvert, Jr., deceased, was instead transported to Marion County Jail by Marion County Sheriff's Office Deputies for processing and detention.

> **ANSWER:** Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations made in Paragraph 19 of the Complaint and therefore deny the same.

20.     That while being processed and detained by the Marion County Sheriff's Office at Marion County Jail, Michael Calvert, Jr., deceased, was subjected to the use of a Taser Gun and was physically beaten about the head and body by Marion County Sheriff's Office Deputies and jail personnel.

> **ANSWER:** Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations made in Paragraph 20 of the Complaint and therefore deny the same.

21.     That during his detention and while in the custody of the Marion County Sheriff's Office, Michael Calvert, Jr., deceased, was not given timely medical attention.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations made in Paragraph 21 of the Complaint and therefore deny the same.

22.     That several hours after his initial detention by the Indianapolis Metropolitan Police Department, and while he was in the custody of the Marion County Sheriff's Office, Michael Calvert, Jr., deceased, was transported to Wishard Hospital, and was unconscious and unresponsive upon admission.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations made in Paragraph 22 of the Complaint and therefore deny the same.

23.     That Michael Calvert, Jr., deceased, died on December 27, 2011, as a result of his injuries suffered during his arrest by Indianapolis Metropolitan Police Department Officers and injuries suffered during his detention by Marion County Sheriff's Office Deputies and jail personnel on or about December 24, 2011.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations made in Paragraph 23 of the Complaint and therefore deny the same.

24.     That the Defendants owed to Michael Calvert, Jr., deceased, a duty to exercise reasonable care to see that they did not exert excessive or unnecessary force while restraining Michael Calvert, Jr., during the arrest process and during his subsequent detention in the Defendants' custody.

**ANSWER:** Defendants' legal duties speak for themselves. To the extent that paragraph 24 of the Complaint alleges any substantive allegations, the Defendants are without

knowledge or sufficient information to admit or deny the allegations contained therein, and therefore deny the same.

25.     That the Defendants, intentionally, and/or with reckless disregard for Michael Calvert, Jr.'s physical well-being, failed to observe this duty by applying excessive force to Michael Calvert, Jr., which included, but is not limited to , the use of a Taser Gun on no less than three (3) separate occasion, the application of CS/OC Spray (a chemical agent commonly referred to as "mace") on no less than two (2) separate occasions, and physically beating Michael Calvert, Jr., about the head and body, which failure was a direct and proximate cause of the injuries and death of Michael Calvert, Jr., deceased.

**ANSWER:**  Defendants deny the allegations in paragraph 25 of Plaintiffs' Complaint.


26.     That the Defendants owed to Michael Calvert, Jr., deceased, a duty to exercise reasonable care to provide proper medical attention and care to Michael Calvert, Jr. in a timely manner following his arrest and during his subsequent detention in the Defendants' custody.

**ANSWER:**  Defendants' legal duties speak for themselves.  Defendants deny the remaining allegations in paragraph 26 of Plaintiffs' Complaint.

27.     That the Defendants failed to observe this duty by failing to provide Michael Calvert, Jr. with proper medical attention and car in a timely manner following his arrest and during his subsequent detention in the Defendants' custody, which failure was a direct and proximate cause of his injuries and death of Michael Calvert, Jr., deceased.

**ANSWER:**  Defendants deny the allegations in paragraph 27 of Plaintiffs' Complaint.

28.   That the Defendants owed to the citizens of the city of Indianapolis and Marion County, including Michael Calvert, Jr., deceased, a duty to exercise reasonable care when hiring, retaining, training, educating, and supervising their respective police officers, sheriff' deputies and jail personnel to ensure that the do not pose a risk of harm to the citizens of the City of Indianapolis and Marion County.

**ANSWER:** Defendants' legal duties speak for themselves.  To the extent that paragraph 28 of the Complaint alleges any substantive allegations, the Defendants are without knowledge or sufficient information to admit or deny the allegations contained therein, and therefore deny the same.

29.   That the Defendants, failed to observe this duty by failing to exercise reasonable car when hiring, retaining, training, educating, and supervising, their respective police officers, deputies, and jail personnel when they knew, or should have known, that the police officer, deputies, and jail personnel had a propensity toward violence or toward over-reaction in situations such as that presented on December 24, 2011, or were otherwise unfit for service as law enforcement officers, which failure was a direct and proximate cause of the wrongful death of Michael Calvert, Jr.

**ANSWER:** Defendants deny the allegations in paragraph 29 of Plaintiffs' Complaint.

30.   That as a result of the Defendants' totious (sic) act and failures to acts as outlined above, Michael Calvert, Jr., has been damaged.

**ANSWER:** Defendants deny the allegations in paragraph 30 of Plaintiffs' Complaint.

31.    That as a result of the Defendants' totious (sic) acts and failures to act as outlined above, Michael Calvert Jr.'s heirs, including his surviving mother, Katherine Jesse, have sustained the loss of financial support and the loss the love, care affection and companionship of the decedent, Michael Calvert, Jr.

**ANSWER:**  Defendants deny the allegations in paragraph 31 of Plaintiffs' Complaint.

WHEREFORE, the Estate of Michael Calvert Jr., by Katherine Jesse as the Personal Representative of the Estate, prays for judgment against the Defendants sufficient to compensate the Estate and its heirs for medical expenses incurred and costs of funeral and burial, for loss of love and affection, loss of companionship, loss of financial support, for attorney's fees, and for any other relief just and proper in the premises.

**ANSWER:** WHEREFORE, the Defendants respectfully request that judgment be entered for the Defendant and that Plaintiff takes nothing by way of the Complaint, as well as for all other just and proper relief in the premises.

### *Affirmative Defenses*

### *First Affirmative Defense*

Plaintiff's claims for punitive damages against a governmental entity under state or federal law are barred, and Plaintiff is not entitled to punitive damages on any claims against Defendants in their individual capacities.

### *Second Affirmative Defense*

Plaintiff has failed to state a claim upon which relief may be granted.

### Third Affirmative Defense

To the extent the Complaint refers to the Indianapolis Metropolitan Police Department as a defendant in this action, the Indianapolis Metropolitan Police Department is not a separate, suable entity.

### Fourth Affirmative Defense

Plaintiff's state law claims are barred to the extent he has failed to comply with the notice requirements of the Indiana Tort Claims Act, Indiana Code § 34-13-3-1 *et seq.*

### Fifth Affirmative Defense

Plaintiff's claims are limited to the extent he has failed to mitigate his damages, but to the extent some mitigation has occurred, Defendants are entitled to a set-off.

### Sixth Affirmative Defense

Plaintiff's claims are barred to the extent that he has failed to exhaust his administrative remedies.

### Seventh Affirmative Defense

To the extent that Plaintiff's lawsuit allege negligence or state tort claims, Defendants are immune under Indiana's Tort Claim Act, Indiana Code section 34-13-3-3, *et seq.*

### Eighth Affirmative Defense

Plaintiff's claims are barred to the extent that they have waived claims by actions or inactions.

### Ninth Affirmative Defense

Plaintiff is barred from recovering damages to the extent such damages were the proximate result of Plaintiff's contributory negligence.

### *Tenth Affirmative Defense*

Plaintiff is barred from recovering damages to the extent such damages were the proximate result of the actions or inactions of a non-party.

### *Eleventh Affirmative Defense*

Plaintiff's claims are barred to the extent they are untimely.

### *Twelfth Affirmative Defense*

Defendants acted in accordance with their authority pursuant to a State law.

### *Thirteenth Affirmative Defense*

Plaintiff's recovery, if any, on state law claims is limited pursuant to Indiana Code section 34-13-3-4.

### *Fourteenth Affirmative Defense*

Plaintiff may not recover damages on any state law claims against the individual Defendants for the acts committed within the scope of his employment.

### *Fifteenth Affirmative Defense*

The alleged injuries and/or damages of which the Plaintiff complains were the proximate result of the risk voluntarily incurred and/or assumed by the Plaintiff.

### *Sixteenth Affirmative Defense*

Plaintiff's claims are barred to the extent they are barred by Indiana's Guest Statute, Indiana Code section 34-30-11-1.

### *Seventeenth Affirmative Defense*

Plaintiff's claims, in whole or in part, are barred to the extent Plaintiff lacks standing.

### *Eighteenth Affirmative Defense*

Plaintiff's claims are estopped under the doctrines of collateral estoppel or res judicata to the extent the claims or issues have been previous litigated.

### *Nineteenth Affirmative Defense*

Plaintiff's claims are estopped to the extent the doctrine of judicial estoppel applies.

### *Twentieth Affirmative Defense*

Indiana Code section 34-51-4-4 bars Plaintiff's claim of prejudgment interest.

### *Twenty-first Affirmative Defense*

Plaintiff's claims are limited by the economic loss doctrine.

### *Twenty-second Affirmative Defense*

Plaintiff's alleged injuries, damages, or losses, if any, were directly and proximately caused by the intervening, superseding acts and conduct of others, over which Defendant had no control, thereby precluding recovery against defendants.

### *Twenty-third Affirmative Defense*

Further, The Defendants hereby reserve any and all rights they may have to raise additional affirmative defenses that may be developed through the course of discovery in this litigation.

Respectfully Submitted,

Alexander Will (23474-49)
Chief Litigation Counsel
Office of Corporation Counsel
200 East Washington Street, Room 1601

Indianapolis, Indiana  46204
Telephone: (317) 327-4055
Fax:  (317) 327-3968
E-Mail: awill@indy.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been duly served upon all counsel listed below, by United States mail, first-class, postage prepaid on this 25 day of June, 2012.

Vaughn A. Wamsley
Stephen W. Thompson
VAUGHN A. WAMSLEY, P.C.
851 South Rangeline Road
Carmel, IN 46032

Kevin P. Farrell
951 N. Delaware St.
Indianapolis, IN 46202

Alexander Will (23474-49)
Chief Litigation Counsel

OFFICE OF CORPORATION COUNSEL
200 East Washington Street, Room 1601
Indianapolis, Indiana 46204
Telephone: (317) 327-4055
Fax: (317) 327-3968

STATE OF INDIANA    )     IN THE MARION COUNTY SUPERIOR COURT
                  ) SS:   CIVIL DIVISION
COUNTY OF MARION    )     CAUSE NO. 49D02-1204-CT-017300

KATHERINE F. JESSEE, as the Personal  )
Representative of the ESTATE OF  )
MICHAEL CALVERT, JR., Deceased,  )
                      )
       Plaintiff,  )
                      )
       v.  )
                      )
THE CITY OF INDIANAPOLIS;  )
MARION COUNTY BOARD OF  )
COMMISSIONERS; THE  )
INDIANAPOLIS METROPOLITAN  )
POLICE DEPARTMENT; THE MARION  )
COUNTY SHERIFF'S OFFICE, AND  )
MICHAEL CALVERT, SR. as the natural  )
father of the decedent.  )
                      )
                      )
       Defendants.  )

**FILED**

(28)   MAY 2 1 2012

*Elizabeth R. White*
CLERK OF THE MARION CIRCUIT COURT

## <u>Notice of Automatic Enlargement of Time</u>

      Defendants City of Indianapolis, Marion County Board of Commissioners, the

Indianapolis Metropolitan Police Department, and the Marion County Sheriff's Office

("Defendants"), by counsel, hereby give notice pursuant to L.R. 203(D) of their

Automatic Enlargement of Time to answer Plaintiff's Complaint. That Complaint,

having been served via certified mail on May 2, 2012, requires a responsive pleading that

would be due on May 25, 2012. With this enlargement, Defendants' response will be due

on June 25, 2012.

Respectfully Submitted,

_____

Justin F. Roebel (23725-49)
Assistant Corporation Counsel
OFFICE OF CORPORATION COUNSEL
200 East Washington Street, Room 1601
Indianapolis, Indiana  46204
Telephone: (317) 327-4055
Fax:  (317) 327-3968
E-Mail: jroebel@indy.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been duly served upon all counsel listed below, by United States mail, first-class, postage prepaid on this 21st day of

May, 2012.

Vaughn A. Wamsley
Stephen W. Thompson
VAUGHN A. WAMSLEY, P.C.
851 South Rangeline Road
Carmel, IN 46032

Kevin P. Farrell
Cline Farrell Christie & Lee, PC
951 N. Delaware St.
Indianapolis, IN  46202

Justin F. Roebel
Assistant Corporation Counsel

OFFICE OF CORPORATION COUNSEL
200 East Washington Street, Room 1601
Indianapolis, Indiana  46204
Telephone: (317) 327-4055
Fax:  (317) 327-3968

| STATE OF INDIANA | ) | IN THE MARION COUNTY SUPERIOR COURT |
|---|---|---|
| | ) SS: | CIVIL DIVISION |
| COUNTY OF MARION | ) | CAUSE NO. 49D02-1204-CT-017300 |

KATHERINE F. JESSEE, as the Personal )
Representative of the ESTATE OF )
MICHAEL CALVERT,JR., Deceased, )
                      )
       Plaintiff, )
                      )
       v. )
                      )
THE CITY OF INDIANAPOLIS; )
MARION COUNTY BOARD OF )
COMMISSIONERS; THE )
INDIANAPOLIS METROPOLITAN )
POLICE DEPARTMENT; THE MARION )
COUNTY SHERIFF'S OFFICE, AND )
MICHAEL CALVERT, SR. as the natural )
father of the decedent. )
                      )
       Defendants. )

**FILED**

(28) MAY 2 1 2012

*Elizabeth F. White*
CLERK OF THE MARION CIRCUIT COURT

## APPEARANCE BY ATTORNEY UNDER TRIAL RULE 3.1

       Party Type:    Responding

1.      The undersigned attorney appears in this case for the following party member(s):

      The City of Indianapolis; Marion County Board of Commissioners; the Indianapolis Metropolitan Police Department; and the Marion County Sheriff's Office

2.      Applicable attorney information for service as required by Trial Rule 5(B)(2) and for case information as required by Trial Rules 3.1 and 77(B) is as follows:

| | |
|---|---|
| Name: | Alexander Will, (23474-49) |
| | Justin F. Roebel, (23725-49) |
| Address: | 200 East Washington Street, Suite 1601 |
| | Indianapolis, IN 46204 |
| Phone: | (317) 327-4055 |
| FAX: | (317) 327-3968 |
| Email: | Alex.Will@indy.gov |

jroebel@indy.gov

3.   There are other party members:  No

4.   Case Type Requested (Initiating Party Only): N/A

5.   I will accept Fax service:  No

6.   This case does not involve support issues. No

7.   There are related cases:  No

8.   This form has been served consistent with Trial Rule 5.

9.   Other information required by local rule:  None.


Respectfully Submitted,

Justin F. Roebel (23725-49)
Assistant Corporation Counsel
OFFICE OF CORPORATION COUNSEL
200 East Washington Street, Room 1601
Indianapolis, Indiana  46204
Telephone: (317) 327-4055
Fax:  (317) 327-3968
E-Mail: jroebel@indy.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been duly served upon all counsel listed below, by United States mail, first-class, postage prepaid on this _21_ day of _May_ 2012.

Vaughn A. Wamsley
Stephen W. Thompson
VAUGHN A. WAMSLEY, P.C.
851 South Rangeline Road
Carmel, IN 46032

Kevin P. Farrell
Cline Farrell Christie & Lee, PC
951 N. Delaware St.
Indianapolis, IN  46202

Justin F. Roebel
Assistant Corporation Counsel

OFFICE OF CORPORATION COUNSEL
200 East Washington Street, Room 1601
Indianapolis, Indiana  46204
Telephone: (317) 327-4055
Fax:  (317) 327-3968

STATE OF INDIANA        )      IN THE MARION SUPERIOR COURT
                        ) SS:
COUNTY OF MARION        )      CAUSE NO.  49D02-1204-CT-017300

KATHERINE E. JESSEE,              )
as the Personal Representative   )
of the Estate of                 )
MICHAEL CALVERT, JR., Decd.,     )
                                 )
       vs.                       )
                                 )
THE CITY OF INDIANAPOLIS,        )
MARION COUNTY BOARD              )
OF COMMISSIONERS, THE            )
INDIANAPLIS METROPOLITAN         )
POLICE DEPARTMENT,               )
THE MARION COUNTY                )
SHERIFF'S OFFICE, and            )
MICHAEL CALVERT, SR.,            )
as the natural father of the decedent, )
                                 )
       Defendants.               )

**FILED**

(266)   MAY 01 2012

*Elizabeth A. White*
CLERK OF THE MARION CIRCUIT COURT

## <u>ANSWER TO COMPLAINT FOR DAMAGES</u>

Comes now defendant Michael Calvert, Sr., by counsel, and by way of answer to

Plaintiff's Complaint, does hereby allege and say as follows:

1.  The Defendant Michael Calvert, Sr., hereby admits paragraphs 1-30 of the

    plaintiff's complaint.

2.  The Defendant is without sufficient information to admit or deny those portions of

    paragraph 31 suggesting that Katherine Jesse is entitled to the loss of financial

    support of the decedent.

3.  The Defendant Michael Calvert, Sr., is the father of decedent, Michael Calvert,

    Jr., and as such is an heir to the estate of Michael Calvert, Jr.

WHEREFORE, Defendant Michael Calvert, Sr. agrees that the Court should enter a

MAR 02 ENT'D

judgment against the remaining defendants in an amount sufficient to compensate the estate for all of its damages, and for all other relief proper in the premises.

Respectfully submitted,

CLINE FARRELL CHRISTIE & LEE, P.C.

_____
Kevin P. Farrell, ISC #6783-49

Kevin P. Farrell
Cline Farrell Christie & Lee, P.C.
951 North Delaware St.
Indianapolis, IN 46202
(317) 488-5500

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following counsel of record, by depositing same in the United States mail, First Class, postage pre-paid, on this _____ _____ day of May, 2012:

Vaughn A. Wamsley
Stephen W. Thompson
Vaughn A. Wamsley, P.C.
851 South Rangeline Road
Carmel, IN 46032

_____
Kevin P. Farrell

Kevin P. Farrell
Cline Farrell Christie & Lee
951 North Delaware Street
Indianapolis, IN 46202
(317) 488-5500
(317 488-5510 (fax)
lee@cfclc-law.com

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO.  49D02-1204-CT-017300 |

KATHERINE E. JESSEE,                         )
as the Personal Representative               )
of the Estate of                             )
MICHAEL CALVERT, JR., Decd.,                 )
                                             )
vs.                                          )
                                             )
THE CITY OF INDIANAPOLIS,                    )
MARION COUNTY BOARD                          )
OF COMMISSIONERS, THE                        )
INDIANAPLIS METROPOLITAN                     )
POLICE DEPARTMENT,                           )
THE MARION COUNTY                            )
SHERIFF'S OFFICE, and                        )
MICHAEL CALVERT, SR.,                        )
as the natural father of the decedent,       )
                                             )
     Defendants.                             )

**FILED**

(266)  MAY 01 2012

*Elizabeth L. White*
CLERK OF THE MARION CIRCUIT COURT

## APPEARANCE  (CIVIL)
### Responding Party

Case Number:  49D02-1204-CT-017300
       (To be supplied by Clerk at the time of filing)


/ / Check if Pro Se.   **NOTE:** This form is not required for pro se protective orders.


1. Michael Calvert, Sr., as natural father of the decedent.
       Name of first responding party

       (Supply names of additional responding parties on continuation page.)

3. Attorney information (as applicable for service of process):

| | | | |
|---|---|---|---|
| Name: | Kevin P. Farrell | Attorney No.: | 6783-49 |
| Address: | Cline Farrell Christie & Lee, P.C. | | |
| | 951 North Delaware St. | Phone: | (317) 488-5500 |
| | Indianapolis, IN  46202 | Fax: | (317) 488-5510 |

       (Supply information for additional attorneys on continuation page)

MAR 02 ENT'D

4. Case Type requested: __CT__      5. Will accept FAX service: Yes ___ No _X_

6. Social Security numbers of all family members in proceedings involving support issues.

    N/A

7. Are there related cases? Yes _____ No ___X___ If yes, list case and number below:

    Caption _____      Case Number_____
    Caption _____      Case Number_____

8. Additional information required by state or local rule:

_____
_____
_____

                      Kevin P. Farrell, ISC #6783-49

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing has been served upon the following counsel

of record, by depositing same in the United States mail, First Class, postage pre-paid, on this ____

__1__ day of ~~April~~ *May*, 2012:

    Vaughn A. Wamsley
    Stephen W. Thompson
    Vaughn A. Wamsley, P.C.
    851 South Rangeline Road
    Carmel, IN 46032

                      Kevin P. Farrell

Kevin P. Farrell
Cline Farrell Christie & Lee
951 North Delaware Street
Indianapolis, IN 46202
(317) 488-5500
(317 488-5510 (fax)
lee@cfclc-law.com

STATE OF INDIANA ) IN THE MARION COUNTY SUPERIOR COURT
        ) SS:
COUNTY OF MARION ) CAUSE NO.

KATHERINE F. JESSEE, as the Personal )
Representative of the ESTATE OF MICHAEL )
CALVERT, JR., Deceased, )
       )  49D02 12 04 CT 017300
  Plaintiff, )
       )
  -v- )
       )
THE CITY OF INDIANAPOLIS; MARION )
COUNTY BOARD OF COMMISSIONERS; ) **FILED**
THE INDIANAPOLIS METROPOLITAN )
POLICE DEPARTMENT; THE ) (115) APR 26 2012
MARION COUNTY SHERIFF'S OFFICE, )
and MICHAEL CALVERT, SR, as the natural ) *Elizabeth f white*
father of the decedent, ) CLERK OF THE MARION CIRCUIT COURT
       )
  Defendants. )

## APPEARANCE FORM (CIVIL)
### Initiating Party

Case Number: _____  (File stamp)
  (To be supplied by Clerk at time of filing)

/ / Check if Pro Se.  NOTE:  This form is not required for pro se protective orders.

1. <u>ESTATE OF MICHAEL CALVERT, JR.</u> 2. _____
  Name of first initiating party  Telephone of pro se party
   (Supply names of additional initiating parties on continuation page.)

3. Attorney information (as applicable for service of process):

  Name:  Stephen W. Thompson  Atty No: 29760-53
  Address: VAUGHN A. WAMSLEY, P.C. Phone: (317) 846-1080
     851 S. Rangeline Rd.  FAX: (317) 581-1234
     Carmel, IN  46032  Computer Address:

  Name:  Vaughn A. Wamsley  Atty No: 14679-71
  Address: VAUGHN A. WAMSLEY, P.C. Phone: (317) 846-1080
     851 S. Rangeline Rd.  FAX: (317) 581-1234
     Carmel, IN  46032  Computer Address:

(Supply information for additional attorneys on continuation page.)

4. Case Type requested: _CT_          5. Will accept FAX service:   Yes ___          No _X_

6. Social Security numbers of all family members in proceedings involving support issues.

      Name:_____ SS#_____ Name:_____ SS#
      Name:_____ SS#_____ Name:_____ SS#
      Name:_____ SS#_____ Name:_____ SS#
      (Supply Social Security numbers for additional persons on continuation page.)

7. Are there related cases? Yes__ No _X_  If yes, list case & no.

      Caption_____ Case No.

      Caption_____ Case No.
      (Supply information for additional related cases on continuation page.)

8. Additional Information required by local rule: N/A


                      _____

Vaughn A. Wamsley,   / No. 14679-71
Stephen W. Thompson,   No. 29760-53
*Attorneys for Estate of Michael Calvert, Jr.*

Vaughn A. Wamsley, Esq.
Stephen W. Thompson, Esq.
VAUGHN A. WAMSLEY, P.C.
851 South Rangeline Road
Carmel, IN 46032
Ph:     317/846-1080
Fax:    317/581-1234
sthompson@pilegal.com

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION COUNTY SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO. |

KATHERINE F. JESSEE, as the Personal )
Representative of the ESTATE OF MICHAEL )
CALVERT, JR., Deceased, )
                                  )
     Plaintiff, )
                                   )
     -v- )
                                   )
THE CITY OF INDIANAPOLIS; MARION )
COUNTY BOARD OF COMMISSIONERS; )
THE INDIANAPOLIS METROPOLITAN )
POLICE DEPARTMENT; THE )
MARION COUNTY SHERIFF'S OFFICE, )
and MICHAEL CALVERT, SR, as the natural )
father of the decedent, )
                                 )
     Defendants. )

49D02 12 04 CT 0 1 7 3 0 0

(115)

**FILED**

APR 26 2012

*Elizabeth R. White*
CLERK OF THE MARION CIRCUIT COURT

## COMPLAINT FOR DAMAGES
## AND REQUEST FOR JURY TRIAL

      COMES NOW, the Plaintiff, Katherine F. Jessee, as the Personal Representative of the

Estate of Michael Calvert, Jr., and for her complaint against the Defendants, City of Indianapolis,

Marion County Board of Commissioners, Indianapolis Metropolitan Police Department, and

Marion County Sheriff's Office (collectively referred to hereinafter as "Defendants") states and

alleges as follows:

      1.     That Michael Calvert, Jr., deceased, died intestate while a resident of the City of

Indianapolis, County of Marion, State of Indiana.

      2.     That the Plaintiff, Katherine F. Jessee, is the natural mother of the decedent,

Michael Calvert, Jr., and is the appointed, qualified, and acting personal representative of the

Estate of Michael Calvert, Jr., pursuant to the December 29, 2011 Order of the Marion County

Probate Court, Estate Docket No. 49D03-1112-ES-048973.

3.      That the Plaintiff, Katherine F. Jessee, resident of the City of Indianapolis, County of Marion, State of Indiana, brings this action in her capacity as the Personal Representative of the Estate of Michael Calvert, Jr.

4.      That the Defendant, the City of Indianapolis, is a city and municipal corporation in the County of Marion, State of Indiana, at all times pertinent to the cause of action herein.

5.      That the Defendant, Marion County Board of Commissioners, is the governing commission of the County of Marion, State of Indiana, at all times pertinent to the cause of action herein.

6.      That the Defendant, the Indianapolis Metropolitan Police Department, is an agency of the City of Indianapolis and Marion County, operating in the City of Indianapolis, County of Marion, State of Indiana, at all times pertinent to the cause of action herein.

7.      That the Defendant, the Marion County Sheriff's Office, is an agency of Marion County, operating in the County of Marion, State of Indiana, at all times pertinent to the cause of action herein.

8.      That the Defendant, Michael Calvert, Sr., is the natural father of the decedent, Michael Calvert, Jr., was a resident of the City of Indianapolis, County of Marion, State of Indiana, at all times pertinent to the cause of action herein, and has been named as a party-Defendant to this action to answer for his damages.

9.      That at all times during the detention, arrest, and processing of Michael Calvert, Jr., deceased, the Indianapolis Metropolitan Police Department Officers involved were acting within the scope of their employment with the City of Indianapolis Metropolitan Police Department.

10.      That pursuant to the common law theory of *respondeat superior*, the Defendant,

Indianapolis Metropolitan Police Department, is vicariously liable for the tortuous behavior of its employees, including the acts of officers involved in the detention, arrest, and processing of Michael Calvert, Jr.

11.     That at all times during the detention and processing of Michael Calvert, Jr., deceased, the Marion County Sheriff's Office Deputies and jail personnel involved were acting within the scope of their employment with the Marion County Sheriff's Office.

12.     That pursuant to the common law theory of *respondeat superior*, the Defendant, Marion County Sheriff's Office, is vicariously liable for the tortuous behavior of its employees, including the acts of deputies and jail personnel involved in the detention and processing of Michael Calvert, Jr.

13.     That, in accordance with Indiana Statute, Defendants were timely served with a Notice of Tort Claim, by certified mailing, dated January 3, 2012.

14.     That, pursuant to Indiana Statute, the Plaintiff's claim has been constructively denied, as Defendants have had more than ninety (90) days to investigate the claim, but have failed to respond.

15.     That on December 24, 2011, at approximately 5:30 p.m., Michael Calvert, Jr., deceased, was arrested by Indianapolis Metropolitan Police Department Officers, at 1545 Lexington Avenue, City of Indianapolis, County of Marion, State of Indiana.

16.     That during his arrest by Indianapolis Metropolitan Police Department Officers, Michael Calvert, Jr., deceased, was restrained face-down on the ground in handcuffs.

17.     That while so restrained, Michael Calvert, Jr., deceased, was subjected by Indianapolis Metropolitan Police Department Officers to the use of a Taser Gun on no less than two (2) separate occasions, the application of CS/OC Spray (a chemical agent commonly

referred to as "mace") on no less than two (2) separate occasions, and was physically beaten about the head and body by said Officers.

18.    That following his arrest, and while he was in the custody of Indianapolis Metropolitan Police Officers, Michael Calvert, Jr., deceased, was neither given timely medical attention nor transported to a medical hospital for evaluation of the injuries he sustained during his arrest.

19.    That following his arrest, Michael Calvert, Jr., deceased, was instead transported to Marion County Jail by Marion County Sheriff's Office Deputies for processing and detention.

20.    That while being processed and detained by the Marion County Sheriff's Office at Marion County Jail, Michael Calvert, Jr., deceased, was subjected to the use of a Taser Gun and was physically beaten about the head and body by Marion County Sheriff's Office Deputies and jail personnel.

21.    That during his detention and while in the custody of the Marion County Sheriff's Office, Michael Calvert, Jr., deceased, was not given timely medical attention.

22.    That several hours after his initial detention by the Indianapolis Metropolitan Police Department, and while he was in the custody of the Marion County Sheriff's Office, Michael Calvert, Jr., deceased, was transported to Wishard Hospital, and was unconscious and unresponsive upon admission.

23.    That Michael Calvert, Jr., deceased, died on December 27, 2011, as a result of injuries suffered during his arrest by Indianapolis Metropolitan Police Department Officers and injuries suffered during his detention by Marion County Sheriff's Office Deputies and jail personnel on or about December 24, 2011.

24.    That the Defendants owed to Michael Calvert, Jr., deceased, a duty to exercise reasonable care to see that they did not exert excessive or unnecessary force while restraining Michael Calvert, Jr., during the arrest process and during his subsequent detention in the Defendants' custody.

25.    That the Defendants, intentionally, and/or with reckless disregard for Michael Calvert, Jr.'s physical well-being, failed to observe this duty by applying excessive force to Michael Calvert, Jr., which included, but is not limited to, the use of a Taser Gun on no less than three (3) separate occasions, the application of CS/OC Spray (a chemical agent commonly referred to as "mace") on no less than two (2) separate occasions, and physically beating Michael Calvert, Jr., about the head and body, which failure was a direct and proximate cause of the injuries and death of Michael Calvert, Jr., deceased.

26.    That the Defendants owed to Michael Calvert, Jr., deceased, a duty to exercise reasonable care to provide proper medical attention and care to Michael Calvert, Jr. in a timely manner following his arrest and during his subsequent detention in the Defendants' custody.

27.    That the Defendants failed to observe this duty by failing to provide Michael Calvert, Jr. with proper medical attention and care in a timely manner following his arrest and during his subsequent detention in the Defendants' custody, which failure was a direct and proximate cause of the injuries and death of Michael Calvert, Jr., deceased.

28.    That the Defendants owed to the citizens of the City of Indianapolis and Marion County, including Michael Calvert, Jr., deceased, a duty to exercise reasonable care when hiring, retaining, training, educating, and supervising their respective police officers, sheriff's deputies, and jail personnel to ensure that they do not pose a risk of harm to the citizens of the City of Indianapolis and Marion County.

29.    That the Defendants, failed to observe this duty by failing to exercise reasonable care when hiring, retaining, training, educating, and supervising, their respective police officers, deputies, and jail personnel when they knew, or should have known, that the police officers, deputies, and jail personnel had a propensity toward violence or toward over-reaction in situations such as that presented on December 24, 2011, or were otherwise unfit for service as law enforcement officers, which failure was a direct and proximate cause of the wrongful death of Michael Calvert, Jr.

30.    That as a result of the Defendants' tortious acts and failures to act as outlined above, Michael Calvert, Jr., has been damaged.

31.    That as a result of the Defendants' tortious acts and failures to act as outlined above, Michael Calvert Jr.'s heirs, including his surviving mother, Katherine Jesse, have sustained the loss of financial support and the loss the love, care, affection and companionship of the decedent, Michael Calvert, Jr.

WHEREFORE, the Estate of Michael Calvert Jr., by Katherine Jesse as the Personal Representative of the Estate, prays for judgment against the Defendants sufficient to compensate the Estate and its heirs for medical expenses incurred and costs of funeral and burial, for loss of love and affection, loss of companionship, loss of financial support, for attorney's fees, and for any other relief just and proper in the premises.

Respectfully submitted,

Vaughn A. Wamsley,    No. 14679-71
Stephen W. Thompson,  No. 29760-53
*Attorneys for Estate of Michael Calvert, Jr.*

## REQUEST FOR TRIAL BY JURY

COMES NOW, the Plaintiff, Katherine Jesse, as the Personal Representative of the

Estate of Michael Calvert, Jr., by counsel, and hereby respectfully requests trial by jury.

Respectfully submitted,

Vaughn A. Wamsley,   No. 14679-71
Stephen W. Thompson,   No. 29760-53
*Attorneys for Estate of Michael Calvert, Jr.*

Vaughn A. Wamsley, Esq.
Stephen W. Thompson, Esq.
VAUGHN A. WAMSLEY, P.C.
851 South Rangeline Road
Carmel, IN  46032
Ph:     317/846-1080
Fax:    317/581-1234
sthompson@pilegal.com

## SUMMONS

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION COUNTY SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO. |

KATHERINE F. JESSEE, as the Personal )
Representative of the ESTATE OF MICHAEL )
CALVERT, JR., Deceased, )
)
    Plaintiff, )
)
    -v- )
)
THE CITY OF INDIANAPOLIS; MARION )
COUNTY BOARD OF COMMISSIONERS; )
THE INDIANAPOLIS METROPOLITAN )
POLICE DEPARTMENT; THE )
MARION COUNTY SHERIFF'S OFFICE, )
and MICHAEL CALVERT, SR, as the natural )
father of the decedent, )
)
    Defendants. )

49D02 12 04 CT 017300

TO DEFENDANT:    Marion County Sheriff's Office
c/o Marion County Sheriff John R. Layton
40 S. Alabama Street
Indianapolis, IN  46204

    You are hereby notified that you have been sued by the person named as plaintiff and in the Court indicated above.

    The nature of the suit against you is stated in the complaint which is attached to this Summons. It also states the relief sought or the demand made against you by plaintiff.

    An answer or other appropriate response in writing to the complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by plaintiff.

    If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert in your written answer.

Dated:_____    _____

                                  Clerk, Marion County Superior Court    APR 26 2012

    (The following manner of service of summons is hereby designated)  Elizabeth R. White

                                                  CLERK OF THE MARION CIRCUIT COURT

____XX____ Registered or certified mail.

_____ Service at place of employment, to-wit:_____

_____ Service on individual – (Personal or copy) at above address

_____ Service on agent. (Specify) _____

_____ Other service. (Specify) _____

Powered By Pitney Bowes



USPS FIRST-CLASS™ PKG

US POSTAGE PAID
Pitney Bowes
Commercial Base Pricing

05/02/12
From 46204
0 lbs 4 ozs

024P0007876483

Marion County Clerk's Office
200 E Washington Street W-122
INDIANAPOLIS IN 46204

MARION CO. SHERIFF'S OFFICE
Marion Co. Sheriff John R. Layton
40 S Alabama St
Indianapolis IN 46204-3635

0000

ZIP - e/ USPS SIGNATURE CONFIRMATION

420 46204 9121 1501 3471 1340 2902 44

Electronic Rate Approved #150134711

Cut on dotted line

## SUMMONS

STATE OF INDIANA    )    IN THE MARION COUNTY SUPERIOR COURT
                  ) SS:
COUNTY OF MARION  )    CAUSE NO.

|  |  |
|---|---|
| KATHERINE F. JESSEE, as the Personal<br>Representative of the ESTATE OF MICHAEL<br>CALVERT, JR., Deceased,<br><br>    Plaintiff,<br><br>  -v-<br><br>THE CITY OF INDIANAPOLIS; MARION<br>COUNTY BOARD OF COMMISSIONERS;<br>THE INDIANAPOLIS METROPOLITAN<br>POLICE DEPARTMENT; THE<br>MARION COUNTY SHERIFF'S OFFICE,<br>and MICHAEL CALVERT, SR, as the natural<br>father of the decedent,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

49D02 12 04 CT 017300

TO DEFENDANT:    Marion County
                   c/o Marion County Board of Commissioners
                   City-County Building, Room 801
                   200 E. Washington Street
                   Indianapolis, IN  46204

       You are hereby notified that you have been sued by the person named as plaintiff and in the Court indicated above.

       The nature of the suit against you is stated in the complaint which is attached to this Summons.  It also states the relief sought or the demand made against you by plaintiff.

       An answer or other appropriate response in writing to the complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by plaintiff.

       If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert in your written answer.

Dated: _____    _____
                                 Clerk, Marion County Superior Court  APR 26 2012

       (The following manner of service of summons is hereby designated)  *Elizabeth L. White*
                                                      CLERK OF THE MARION CIRCUIT COURT

___XX___ Registered or certified mail.

_____ Service at place of employment, to-wit:_____

_____ Service on individual – (Personal or copy) at above address

_____ Service on agent. (Specify) _____

_____ Other service. (Specify) _____

## SHERIFF'S RETURN ON SERVICE OF SUMMONS

I hereby certify that I have served this summons on the _____ day of _____, 20__:

(1)  By delivering a copy of the Summons and a copy of the complaint to the defendant, _____.

(2)  By leaving a copy of the Summons and a copy of the complaint at _____ which is the dwelling place or usual place of abode of _____ and by mailing a copy of said summons to said defendant at the above address.

(3)  Other service or remarks: _____

_____        _____
Sheriff's Costs                                            Sheriff

                    By:      _____
                                    Deputy

## CLERK'S CERTIFICATE OF MAILING

I hereby certify that on the _____ day of _____, 20___, I mailed a copy of this Summons and a copy of the complaint to the defendant, _____, by _____ mail, requesting a return receipt, at the address furnished by the plaintiff.

                          _____
                          Clerk, Marion County Superior Court

Dated: _____        By:      _____
                                                    Deputy

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____ was accepted by the defendant on the _____ day of _____, 20____.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint was returned not accepted on the _____ day of _____, 20____.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____ was accepted by _____ on behalf of said defendant on the _____ day of _____, 20____.

                          _____
                          Clerk, Marion County Superior Court

                    By:      _____
                                    Deputy

Powered By Pitney Bowes



*Cut on dotted line*

## SUMMONS

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION COUNTY SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO. |

KATHERINE F. JESSEE, as the Personal )
Representative of the ESTATE OF MICHAEL )
CALVERT, JR., Deceased, )
                                    )
     Plaintiff, )
                                      )
     -v- )
                                      )
THE CITY OF INDIANAPOLIS; MARION )
COUNTY BOARD OF COMMISSIONERS; )
THE INDIANAPOLIS METROPOLITAN )
POLICE DEPARTMENT; THE )
MARION COUNTY SHERIFF'S OFFICE, )
and MICHAEL CALVERT, SR, as the natural )
father of the decedent, )
                                      )
     Defendants. )

Cause No. 49D02 12 04 CT 017300

TO DEFENDANT:    City of Indianapolis; Marion County; IMPD; MCSO
                           c/o Samantha Karn, Corporation Counsel
                           City-County Building, Room 1601
                           200 E. Washington Street
                           Indianapolis, IN  46204

      You are hereby notified that you have been sued by the person named as plaintiff and in the Court indicated above.

      The nature of the suit against you is stated in the complaint which is attached to this Summons.  It also states the relief sought or the demand made against you by plaintiff.

      An answer or other appropriate response in writing to the complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by plaintiff.

      If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert in your written answer.

Dated:_____      _____  **APR 26 2012**
                                     Clerk, Marion County Superior Court

      (The following manner of service of summons is hereby designated) *Elizabeth A. White*
                                                      **CLERK OF THE MARION CIRCUIT COURT**

____XX____ Registered or certified mail.

_____ Service at place of employment, to-wit:_____

_____ Service on individual – (Personal or copy) at above address

_____ Service on agent. (Specify) _____

_____ Other service. (Specify) _____

## SHERIFF'S RETURN ON SERVICE OF SUMMONS

I hereby certify that I have served this summons on the _____ day of _____, 20__:

(1)  By delivering a copy of the Summons and a copy of the complaint to the defendant, _____.

(2)  By leaving a copy of the Summons and a copy of the complaint at _____ which is the dwelling place or usual place of abode of _____ and by mailing a copy of said summons to said defendant at the above address.

(3)  Other service or remarks:_____

_____        _____
Sheriff's Costs                 Sheriff

                  By:   _____
                        Deputy

## CLERK'S CERTIFICATE OF MAILING

I hereby certify that on the _____ day of _____, 20___, I mailed a copy of this Summons and a copy of the complaint to the defendant, _____, by _____ mail, requesting a return receipt, at the address furnished by the plaintiff.

                        _____
                        Clerk, Marion County Superior Court

Dated:_____        By:   _____
                                    Deputy

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____ was accepted by the defendant on the _____ day of _____, 20____.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint was returned not accepted on the _____ day of _____, 20____.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____ was accepted by _____ on behalf of said defendant on the _____ day of _____, 20____.

                        _____
                        Clerk, Marion County Superior Court

                  By:   _____
                        Deputy

Powered By Pitney Bowes



Cut on dotted line

# SUMMONS

STATE OF INDIANA   )     IN THE MARION COUNTY SUPERIOR COURT
               ) SS:
COUNTY OF MARION   )     CAUSE NO.

| | |
|---|---|
| KATHERINE F. JESSEE, as the Personal )<br>Representative of the ESTATE OF MICHAEL )<br>CALVERT, JR., Deceased, )<br> )<br>    Plaintiff, )<br> )<br>   -v- )<br> )<br>THE CITY OF INDIANAPOLIS; MARION )<br>COUNTY BOARD OF COMMISSIONERS; )<br>THE INDIANAPOLIS METROPOLITAN )<br>POLICE DEPARTMENT; THE )<br>MARION COUNTY SHERIFF'S OFFICE, )<br>and MICHAEL CALVERT, SR, as the natural )<br>father of the decedent, )<br> )<br>    Defendants. ) | 49D02 12 04 CT 017300 |

TO DEFENDANT:    City of Indianapolis
               c/o Greg Ballard, Mayor
               City-County Building, Room 2501
               200 E. Washington Street
               Indianapolis, IN  46204

      You are hereby notified that you have been sued by the person named as plaintiff and in the Court indicated above.
      The nature of the suit against you is stated in the complaint which is attached to this Summons.  It also states the relief sought or the demand made against you by plaintiff.
      An answer or other appropriate response in writing to the complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by plaintiff.
      If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert in your written answer.

Dated:_____     _____    **APR 26 2012**
                             Clerk, Marion County Superior Court

      (The following manner of service of summons is hereby designated)  *Elizabeth F. White*
                                                   **CLERK OF THE MARION CIRCUIT COURT**

_____XX_____ Registered or certified mail.

_____ Service at place of employment, to-wit:_____

_____ Service on individual – (Personal or copy) at above address

_____ Service on agent. (Specify) _____

_____ Other service. (Specify) _____

**SHERIFF'S RETURN ON SERVICE OF SUMMONS**

I hereby certify that I have served this summons on the _____ day of _____, 20__:

(1)  By delivering a copy of the Summons and a copy of the complaint to the defendant, _____.

(2)  By leaving a copy of the Summons and a copy of the complaint at _____ which is the dwelling place or usual place of abode of _____ and by mailing a copy of said summons to said defendant at the above address.

(3)  Other service or remarks: _____

_____        _____
Sheriff's Costs                          Sheriff

                          By:  _____
                               Deputy

**CLERK'S CERTIFICATE OF MAILING**

I hereby certify that on the _____ day of _____, 20___, I mailed a copy of this Summons and a copy of the complaint to the defendant, _____, by _____ mail, requesting a return receipt, at the address furnished by the plaintiff.

                          _____
                          Clerk, Marion County Superior Court

Dated: _____      By:  _____
                                      Deputy

**RETURN ON SERVICE OF SUMMONS BY MAIL**

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____ was accepted by the defendant on the _____ day of _____, 20____.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint was returned not accepted on the _____ day of _____, 20____.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____ was accepted by _____ on behalf of said defendant on the _____ day of _____, 20____.

                          _____
                          Clerk, Marion County Superior Court

                          By:  _____
                               Deputy

## SUMMONS

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION COUNTY SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO. |

49D02 12 04 CT 017300

| | |
|---|---|
| KATHERINE F. JESSEE, as the Personal Representative of the ESTATE OF MICHAEL CALVERT, JR., Deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| -v- | ) ) ) |
| THE CITY OF INDIANAPOLIS; MARION COUNTY BOARD OF COMMISSIONERS; THE INDIANAPOLIS METROPOLITAN POLICE DEPARTMENT; THE MARION COUNTY SHERIFF'S OFFICE, and MICHAEL CALVERT, SR, as the natural father of the decedent, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

TO DEFENDANT:     Indianapolis Metropolitan Police Department
c/o Richard Hite, Interim Chief of Police
50 North Alabama Street
Indianapolis, IN  46204

You are hereby notified that you have been sued by the person named as plaintiff and in the Court indicated above.

The nature of the suit against you is stated in the complaint which is attached to this Summons.  It also states the relief sought or the demand made against you by plaintiff.

An answer or other appropriate response in writing to the complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by plaintiff.

If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert in your written answer.

Dated:_____        _____   APR 26 2012
Clerk, Marion County Superior Court

(The following manner of service of summons is hereby designated)  *Elizabeth A. White*
CLERK OF THE MARION CIRCUIT COURT

_____XX_____ Registered or certified mail.

_____ Service at place of employment, to-wit:_____

_____ Service on individual – (Personal or copy) at above address

_____ Service on agent. (Specify) _____

_____ Other service. (Specify) _____

## SHERIFF'S RETURN ON SERVICE OF SUMMONS

I hereby certify that I have served this summons on the _____ day of _____, 20___:

(1)  By delivering a copy of the Summons and a copy of the complaint to the defendant,
_____.

(2)  By leaving a copy of the Summons and a copy of the complaint at
_____ which is
_____ and by mailing a
the dwelling place or usual place of abode of _____
copy of said summons to said defendant at the above address.

(3)  Other service or remarks: _____
_____

_____    _____
Sheriff's Costs                        Sheriff

                    By:  _____
                         Deputy

## CLERK'S CERTIFICATE OF MAILING

I hereby certify that on the _____ day of _____, 20___, I mailed a copy of this Summons and a copy of the complaint to the defendant, _____, by _____ mail, requesting a return receipt, at the address furnished by the plaintiff.

_____
Clerk, Marion County Superior Court

Dated: _____    By:  _____
                                 Deputy

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____ was accepted by the defendant on the _____ day of _____, 20____.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint was returned not accepted on the _____ day of _____, 20____.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____ was accepted by _____ on behalf of said defendant on the _____ day of _____, 20____.

_____
Clerk, Marion County Superior Court

                    By:  _____
                         Deputy

Powered By Pitney Bowes

